Donna CASE, Appellant–Petitioner,

v.

Michael CASE, Appellee–Respondent.

No. 45A04–0212–CV–613.

Court of Appeals of Indiana.

Aug. 28, 2003.

Lynn Hammond, Merrillville, IN, Attorney for Appellant.

John L. Kelly, Jr., Merrillville, IN, Attorney for Appellee.

### OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Donna Case ("Donna") appeals the trial court's order granting Michael Case's ("Michael") Verified Petition for Modification, which adjusted the dissolution decree to account for a decline in value of Michael's 401(k) plan. Donna presents a single issue for our review, namely, whether the trial court erred when it granted Michael's petition.

We affirm.

### FACTS AND PROCEDURAL HISTORY

Michael and Donna were married September 8, 1990, and on June 26, 2001, Donna filed a petition to dissolve the marriage. On April 10 and April 11, 2002, the trial court conducted an evidentiary hearing on Donna's petition. The trial court found, in pertinent part, that Michael's 401(k) account had a balance of $90,398.48 as of April 9, 2002. Regarding the division of the 401(k), the trial court stated as follows:

> Given the economic circumstances of the parties, particularly the difference in the educational level of each and the fact that Mrs. Case is starting off a little bit in the whole [sic], Mr. Case, I'm going to award her out of the 401(k) plan the sum of $50,000. The balance of that amount is to be retained by Mr. Case. That does result in an unequal division of property, and I'm not quite sure what the percentages are but I know it's not anywhere approaching 60%, but, nevertheless is an acknowledgment of Mrs. Case's situation.

Following the hearing, Donna's counsel volunteered to prepare the dissolution decree, which was approved by Michael's counsel and submitted to the court for signature. That decree, issued May 30, 2002, provides in relevant part:

> The Court ORDERS that Wife be awarded more than fifty (50%) percent of the marital estate finding there to be an economic disparity in the parties' income. Therefore, the Court ORDERS that Wife receive the sum of Fifty Thousand ($50,000) Dollars from Husband's TYCO 401(k) account and Husband shall receive Forty Thousand Three Hundred Eighty–Nine and 48/100 ($40,389.48) Dollars of same.

Forty-three days later, Michael moved to modify the decree. Specifically, Michael claimed that the decree could not be executed because the value of his 401(k) plan had diminished from $90,389.48 on April 9, to approximately $67,266 on July 3; therefore, it was impossible to award

both Donna and Michael the amounts stipulated in the decree. As such, Michael requested that the trial court modify the decree so that both parties would receive their respective interests in the 401(k) plan. Following a hearing on Michael's petition, the trial court concluded that it would be unfair for Michael to bear exclusively the downside risk of the securities market. The trial court granted Michael's petition to modify and awarded Donna 55.31% of the 401(k) plan. The court stated, in pertinent part:

The Dissolution [Decree] recited as follows:

The court FINDS that [Michael] has a 401(k) Plan with TYCO as of April 10, 2002 valued at Ninety Thousand Three Hundred Eighty–Nine and 48/100 ($90,389.48) Dollars.

The [Decree] provided further that [Michael] was to receive Forty Thousand Three Hundred Eighty–Nine and 48/100 ($40,389.48) Dollars of the 401(k) Plan and [Donna] was to receive Fifty Thousand ($50,000.00) Dollars from it. The undisputed evidence at the hearing on [Michael's] Petition was that [Michael's] 401(k) Plan has diminished in value since the entry of the Dissolution Order to the sum of Sixty–Three Thousand Nine Hundred Fifty–Seven and 92/100 ($63,957.92) Dollars. There was no evidence that there was any action taken by [Michael] which caused or contributed to the decline in value of the plan. Rather, the decline was a result of market forces over which neither party had any control. [Michael] seeks equitable relief from the court, arguing that the decline in value should be borne by the parties as their respective interests in the plan had been allocated to them by the court in its Dissolution Order.

The court having considered the argument of counsel, now FINDS that it is impossible for the parties to comply with that portion of this court's Dissolution [Decree] allocating the 401(k) Plan between them. Moreover, in the context of the very limited circumstances presented by this case, it is inequitable and unfair for [Michael] to exclusively bear the downside risk of the securities market. Accordingly, the court GRANTS [Michael's] petition and ORDERS that [Donna] shall receive 55.31% of the 401K plan whenever a Qualified Domestic Relations Order is tendered, approved by the court and accepted by the plan, which is her proportional share applying the allocation made in the Dissolution Order. That percentage shall be applied to each separate security comprising the plan. [Michael] shall receive the remainder.

This appeal ensued.

## DISCUSSION AND DECISION

■ Donna maintains that the trial court improperly granted Michael's petition to modify the dissolution decree because (1) modification was not proper under Indiana Code Section 31–15–7–9.1; (2) Michael should have filed a motion to correct error, but even if he had, it would have been untimely; and (3) the court's May 2002 decree clearly awards Donna a sum certain from the 401(k) plan. We address Donna's arguments in turn.

First, we agree that a petition to modify the dissolution decree was not the correct title. Indiana Code Section 31–15–7–9.1 provides, in relevant part, that "orders concerning property disposition entered under this chapter may not be revoked or modified, except in case of fraud." Because Michael does not allege fraud, a petition to modify was inapposite.

■ Donna contends that Michael should have filed a motion to correct error pursuant to Trial Rule 59(A)(1). A motion to correct error is proper when there is newly discovered material evidence capable of production within thirty days of final judgment, which could not have been discovered and produced at trial. *See* Trial Rule 59(A)(1). Thus, Donna reasons, correctly, that Michael's petition, even if it were treated as a motion to correct error, was untimely because the final decree was issued May 30, and Michael did not file his petition until forty-three days later on July 12. As such, he waived his opportunity to correct any error resulting from the court's order.

■ But we do not agree that Michael's only recourse would have been a motion to correct error. Despite the erroneous title of Michael's petition, it was, in substance, a Trial Rule 60(B) motion for relief from judgment. *See Town of St. John v. Home Builders Ass'n of N. Ind., Inc.*, 428 N.E.2d 1299, 1302 (Ind.Ct.App. 1981). On motion and upon such terms as are just, the court may relieve a party from an entry of judgment for any reason justifying relief from the operation of the judgment. *See* T.R. 60(B)(8).

Here, Michael requested that the court modify the dissolution decree because the current value of his 401(k) plan does not permit both parties to receive the sums certain awarded in the decree. Due to the disparity in the parties' incomes, the trial court awarded Donna more than 50% of the marital estate in its May 30 decree. Specifically, the decree granted Donna $50,000 or 55.31% from Michael's 401(k) plan, and awarded Michael $40,389.48 or 44.69% from the same 401(k) plan. Following the May 30 decree, the value of the plan diminished significantly. At the time of the modification, the plan was worth approximately $63,957.92, a decrease of

over $26,000, thereby making it impossible for both Donna and Michael to receive their respective shares of the plan as ordered by the trial court. Michael's petition did not allege that there was newly discovered material evidence that could not have been discovered and produced at trial. Thus, in substance, Michael's petition is not a motion to correct error but is, instead, a motion for relief from judgment. Unlike a motion to correct error, which must be filed within thirty days of judgment, a motion for relief from judgment, pursuant to Trial Rule 60(B)(8), for any reason justifying such relief, shall be filed within a reasonable time. *See* T.R. 60(B). Thus, Michael's petition was timely filed.

■ When reviewing a trial court's determination of whether to grant a motion for relief from judgment, we will not reweigh evidence. *Zwiebel v. Zwiebel*, 689 N.E.2d 746, 748 (Ind.Ct.App.1997) *trans. denied.* We review a trial court's grant or denial of a motion for relief from judgment under an abuse of discretion standard of review. *Crafton v. Gibson,* 752 N.E.2d 78, 83 (Ind.Ct.App.2001). "An abuse of discretion occurs where the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief." *Weppler v. Stansbury*, 694 N.E.2d 1173, 1176 (Ind.Ct.App. 1998).

■ Donna maintains that, even if analyzed under T.R. 60(B), the trial court abused its discretion when it modified the decree. Specifically, she contends that the court's May 2002 decree awarded her a sum of $50,000 and "there were no express clear terms regarding growth or losses." Thus, she asserts that she is entitled to receive $50,000 regardless of any subsequent changes in the value of Michael's 401(k).

In response, Michael directs us to *Niccum v. Niccum*, 734 N.E.2d 637 (Ind.Ct. App.2000). In *Niccum*, following a petition for dissolution of marriage, Husband and Wife entered into a settlement agreement. *Id.* at 638. The settlement agreement divided the parties' savings and investment program equally between them. *Id.* at 640. After the trial court issued a qualified domestic relations order ("QDRO"), Husband filed a motion to amend the QDRO, which the court approved. *Id.* at 639. Wife filed a motion to set aside that order, and at the hearing on Wife's motion, the court ordered that she receive "the continued growth on her share of the benefit plan and savings and investment program." *Id.* Husband appealed the trial court's order. *Id.* at 638. On appeal, this court affirmed and stated in part,

> Investment plans inherently include both the rewards of growth, and the risk of losses. Thus, absent express language stating otherwise, the settlement agreement of the parties implicitly contemplated both parties sharing all of the rewards and risks associated with an investment plan.

*Id.* at 640.

*Niccum* involved a settlement agreement, but the principle that both parties to a dissolution are to share in the rewards and risks associated with an investment plan that is a marital asset also applies here. In *Niccum*, the parties' settlement agreement stated that the investment plan would be divided equally. *Id.* at 640. We determined on appeal that the language of the agreement meant that both parties would have "equal shares, rights and entitlements to the funds in question, including growth and losses attributable to those shares." *Id.* Here, the dissolution decree indicated that, based on the $90,389.48 value of the 401(k) plan, Donna was entitled to $50,000, and Michael was entitled to $40,389.48. But that allocation became impossible when the value of Michael's 401(k) plan decreased. As such, as in *Niccum*, the trial court's May 2002 decree contemplated that both parties would share in the risks and rewards associated with the 401(k) plan.

Still, Donna argues that she was awarded $50,000 from the 401(k) plan "to accomplish the trial court's intended division of the marital property." But the trial court's intended division of the marital property was based on the 401(k) plan being worth $90,389.48; it did not account for the plan's subsequent decrease in value. In an action for the dissolution of marriage, the court shall divide the property in a just and reasonable manner. Ind.Code § 31–15–7–4(b). Disbursement of Michael's 401(k) plan according to Donna's interpretation would result in an unjust and unreasonable allocation of the plan because Donna would receive a significant windfall, while Michael would be unfairly penalized.[1] Indeed, were Donna to receive $50,000 from the plan, which is currently valued at $67,000, she would receive 78% of Michael's 401(k). That result

---

1. The decree, as amended, did not deviate from the original division of the marital assets. The trial court's disposition is to be considered as a whole, not item by item. *Fobar v. Vonderahe*, 771 N.E.2d 57, 59 (Ind. 2002). In crafting a just and reasonable property distribution, the trial court is required to balance a number of different considerations in arriving at an ultimate disposition. *Id.* at 60. If the appellate court views any one of these factors in isolation, it "may upset the balance ultimately struck by the trial court." *Id.* at 60. Here, the relief granted by the trial court reflected the balance intended in the original decree.

is far from the court's intended division of the marital property, which was to award Donna less than 60% of the 401(k) plan.[2]

Finally, Donna concedes that "there were no express clear terms regarding growth or losses." Here, as in *Niccum,* we hold that absent express language stating otherwise, the decree implicitly contemplated that both parties would share in the risks and rewards associated with the investment plan. Thus, it was not the trial court's intent to award Donna $50,000 regardless of the value of the 401(k) plan. Rather, the parties were each awarded a percentage of the plan, of which Donna's share is slightly greater than Michael's share. Ultimately, the trial court did not modify the original decree as much as the court clarified the decree to reflect its original meaning. Therefore, we hold that the trial court did not abuse its discretion when it granted relief from the decree to ensure that both Donna and Michael would bear the risk of the securities market.

Affirmed.

BROOK, C.J., and BAILEY, J., concur.

---

2. In reference to the division of Michael's 401(k), the court stated, "That does result in an unequal division of property, and I'm not quite sure what the percentages are, but I know it's not anywhere approaching 60%." Transcript at 251.