Gary D. DARLING and Judy
L. Darling, Appellants–
Respondents,

v.

Jeff MARTIN, Appellee–Petitioner.

No. 11A05–0410–CV–555.

Court of Appeals of Indiana.

May 31, 2005.

Rehearing Denied July 28, 2005.

E. Franco Upano, Indianapolis, IN, Attorney for Appellant.

James E. Deal, Brazil, IN, Attorney for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Gary D. Darling and Judy L. Darling appeal the trial court's order denying their motion for relief from judgment pursuant to Indiana Trial Rule 60(B), which requested relief from the trial court's order that the Clay County Auditor issue a tax deed to Jeff Martin.

We affirm.

### ISSUES

1. Whether the trial court erred by not holding a hearing on the Darlings' motion for relief from judgment.

2. Whether the Darlings timely redeemed and/or repurchased the real estate for which the tax deed was issued.

### FACTS

On May 20, 1997, Jack Edwin Swope and Thelma Rosalind Swope, as trustees for the Jack Edwin Swope and Thelma Rosalind Swope Trust, executed a warranty deed, conveying their interest in real property, commonly known as 12999 South County Road, 575 West Center Point, Indiana (the "Property"), to the Darlings. The Property consisted of two parcels: Parcel I, located in Putnam County, and Parcel II, located in Clay County.

On February 26, 2001, the Darlings executed a warranty deed, purportedly conveying their interest in the Property to Harold W. Burton and Donna L. Burton. The warranty deed, however, did not include Parcel II.

On October 8, 2002, Jeff Martin paid $400.00 [1] for Parcel II at a Clay County Treasurer's Sale. On July 7, 2003, Martin, by counsel, delivered notice of the sale to the Darlings by certified mail. The notice of sale contained the information required under Indiana Code section 6–1.1–25–4.5(f), including, but not limited to, the location of the real property sold at the tax sale, the date a petition for issuance of a tax deed would be filed, the redemption period, and the amount required to redeem the real property. The Darlings' daughter signed for the delivery as the Darlings were out of the state. On December 10, 2003, Martin filed a petition for issuance of a tax deed. The Clerk of the Clay County Circuit Court served the Darlings with a notice of the filing of the petition for tax deed via certified mail, which Gary Darling signed for on December 12, 2003. On February 3, 2004, the Clay County Circuit Court entered its order for tax deed and possession, ordering the Clay County Auditor to issue a tax deed for Parcel II to Martin. On March 12, 2004, the Clay County Auditor issued a tax deed for Parcel II to Martin.

Due to delays with the 2002 reassessment, the Clay County Treasurer did not send out bills for 2002 taxes until 2004. The Clay County Treasurer sent the tax statement to the Darlings as they were the owners of record as of the date of the reassessment, which was March 1, 2002. In March of 2004, the Darlings received a tax statement, showing taxes due on Parcel II in the total amount of $1173.46 for the spring and fall of 2002. On March 15,

---

1. The $400.00 included the following:
   Total taxes and penalties:    $ 14.26

| Cost Sale Current: | 75.00 |
| Surplus: | 310.74 |

2004, the Burtons remitted $1173.46 to the Clay County Treasurer.

On May 21, 2004, the Burtons filed a motion for intervention in the tax sale proceedings, which the trial court denied.

On July 20, 2004, the Darlings executed a warranty deed to the Burtons for Parcel II. This warranty deed was recorded in Clay County on July 21, 2004.

On July 28, 2004, the Darlings filed their motion for relief from judgment, requesting that the trial court find the March 12, 2004 tax deed to be null and void. In their motion, the Darlings asserted the following:

11. That the tax deed issued to Jeff Martin is null and void because the Darlings did not receive notice pursuant to I.C. Section 6–1.1–25–4[.]5 sent to them by certified mail and also do not recall having received a copy of the Petition for Tax Deed and Possession filed by Jeff Martin due to mistake, surprise or excusable negligence and they learned about the instant case only in March of 2004 when they received the real estate statement in which the words 'tax sale' is printed;

12. That the Darlings have a meritorious defense because had they known about the tax sale held on October 8, 2002 in which Jeff Martin paid $400.00 for the property in question, they would have immediately redeemed the property through the Burtons, since the property in question was sold to the Burtons way back on February 26, 2001, without even waiting for the expiration of the redemption period of one (1) year or until October 8, 2003 but they were not able to redeem said property because they did not receive the Notice pursuant to Indiana Code Section 6–1.1–25–4.5 which, according to Jeff Martin was issued on July 7, 2003 and they do not recall having received a copy of the Peti-

tion for Tax Deed and Possession filed on December 10, 2003;

13. That when the Darlings came to know about this matter sometime in March 2004 when they received the real estate statement and notice of tax sale, they immediately informed the Burtons who, without delay, went to the Clay County Treasurer's Office on March 15, 2004 and paid the amount of $1173.46;

14. That in paying the amount of $1173.46 pursuant to the notice of sale of the property described as parcel 002–00288–02 the said property was redeemed before the tax deed became incontestable as the redemption took place on March 15, 2004 less than 60 days from February 3, 2004 when the Court directed the Auditor of Clay County to issue the tax deed;

. . . .

18. That the property in question was evidently redeemed by the Darlings through the Burtons since it is inconceivable that the parcel identified as 002–0028–02 which is a narrow strip of land with a market value of $500.00, more or less, would be subject to a gross tax of $1826.16, **AND NET TAX OF $1173.46, FOR THE YEAR 2002, when the total taxes and penalties paid by Jeff Martin is only $14.26 which includes taxes and penalty due for the year 2000 and prior years plus the tax for 2001;**

19. That the Darlings come to Court with clean hands considering that they failed to include the property in question in the warranty deed that they gave the Burtons because of an honest mistake without any intention to defraud or take advantage of anybody, and they were not able to learn about the instant action in a timely fashion because of excusable negligence, mistake or surprise as they had already sold the property in ques-

tion to the Burtons and there was nothing else to be done about the matter so they felt that they were free to leave their home and travel;

20. That Jeff Martin may not be coming to Court with hands that are totally clean considering that although he had all the right to buy real estate in a tax sale, it is clear that his intention was to make a killing considering that he purchased a strip of land which can be of no use except to the owners of adjoining lots to whom he is now offering said land for $6500.00 when he paid only $400.00 for the same;

21. That the actions of Jeff Martin are apparently not in keeping with the principle of good faith in dealing with other persons as he is apparently trying to profit from the honest mistakes committed by another;

22. [I]f Jeff Martin is allowed to hold on to the tax deed ... he will be unjustly enriched at the expense of the Darlings and the Burtons ... and the rules of equity would prohibit such an unfortunate situation.

(App.3–6) (emphasis in original).

Martin filed a response, to which the Darlings filed a reply. The trial court denied the Darlings' motion on August 19, 2004.

## DECISION [2]

■ Pursuant to Trial Rule 60(B), a trial court may relieve a party from an entry of default, final order, or final judgment for mistake, surprise, or excusable neglect. T.R. 60(B)(1). A trial court may also relieve a party if the judgment is void. T.R. 60(B)(6). We review a trial court's denial of a motion for relief from judgment

for abuse of discretion. *Case v. Case*, 794 N.E.2d 514, 517 (Ind.Ct.App.2003). A trial court abuses its discretion when its denial is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.* "On a motion for relief from judgment, the burden is on the movant to demonstrate that relief is both necessary and just." *G.B. v. State*, 715 N.E.2d 951, 953 (Ind.Ct.App.1999).

1. *Whether the Darlings Were Entitled to a Hearing*

■ The Darlings contend that the trial court erred when it denied their motion without affording them a hearing. Specifically, the Darlings assert that a "hearing should have been conducted to determine if the Darlings were sufficiently informed about the tax sale and their right to redemption." (Darlings' Br. 15). Faulty process, whereby a party fails to receive actual notice, may constitute excusable neglect, mistake, or surprise. *See Kmart Corp. v. Englebright*, 719 N.E.2d 1249, 1254 (Ind.Ct.App.1999), *trans. denied.* Furthermore, a tax deed is void if the former owner was not given constitutionally adequate notice of the tax sale proceedings. *Schaefer v. Kumar*, 804 N.E.2d 184, 192 (Ind.Ct.App.2004), *trans. denied.*

Pursuant to Trial Rule 60(D), "[i]n passing upon a motion allowed by subdivision (B) of this rule the court shall hear any pertinent evidence...." However, a hearing is unnecessary where there is no pertinent evidence. *Benjamin v. Benjamin*, 798 N.E.2d 881, 889 (Ind.Ct.App.2003).

■ Under the statutory notice provisions, after property is sold at a tax sale due to delinquent taxes, the owner of rec-

---

**2.** We direct the Darlings to Indiana Appellate Rule 46(A)(8)(c) which states that "[e]ach ar-

gument shall have an argument heading."

ord has one year to redeem the property sold. Ind.Code § 6-1.1-25-1;[3] I.C. § 6-1.1-25-4.[4] If the owner fails to redeem the property during that year, the purchaser who has complied with the statutory requirements is entitled to a tax deed. I.C. § 6-1.1-25-4.6.[5] One of the statutory requirements is that the purchaser must give notice pursuant to Indiana Code section 6-1.1-25-4.5.[6]

3. Indiana Code section 6-1.1-25-1 provides:

Any person may redeem the tract or real property:
(1) sold; or
(2) for which the certificate of sale is sold under IC 6-1.1-24;
under IC 6-1.1-24 at any time before the expiration of the period of redemption specified in section 4 of this chapter by paying to the county treasurer the amount required for redemption under section 2 of this chapter.

Public Law 170-2003, section 6, amended this section by designating Subsection (1) and adding Subsection (2). We note that on page 14 of their brief, the Darlings cite to Indiana Code section 6-1.1-25-1, as it read prior to its amendment, effective July 1, 2001.

4. Indiana Code section 6-1.1-25-4(a)(1) provides that the period of redemption for real property sold pursuant to section 6-1.1-24 is one year after the date of the sale.

5. Indiana Code section 6-1.1-25-4.6 provides in pertinent part:

(a) After the expiration of the redemption period specified in section 4 of this chapter but not later than six (6) months after the expiration of the period of redemption:
(1) the purchaser, the purchaser's assignee, the county, or the purchaser of the certificate of sale under IC 6-1.1-24 may ... file a verified petition in the same court and under the same cause number in which the judgment of sale was entered asking the court to direct the county auditor to issue a tax deed if the real property is not redeemed from the sale. Notice of the filing of this petition shall be given to the same parties and in the same manner as provided in section 4.5 of this chapter.... The notice required by this section is considered sufficient if the notice is sent to the address as required by section 4.5[ (e) ] of this chapter. Any person owing or having an interest in the tract or real property may file a written objection to the petition with the court not

later than thirty (30) days after the date the petition was filed.

The 2004 amendment substituted "section 4.5(e)" for "section 4.5(d)" in the language following subsection (a)(2).

6. Indiana Code section 6-1.1-25-4.5 provides:

(a) Except as provided in subsection (d), a purchaser or the purchaser's assignee is entitled to a tax deed to the property that was sold only if:
(1) the redemption period specified in section 4(a)(1) of this chapter has expired;
(2) the property has not been redeemed within the period of redemption specified in section 4(a) of this chapter; and
(3) not later than nine (9) months after the date of the sale:
(A) the purchaser or the purchaser's assignee ...
gives notice of the sale to the owner of record at the time of the sale and any person with a substantial property interest of public record in the tract or real property.
....
(e) The person required to give the notice under subsection (a), (b), or (c) shall give the notice by sending a copy of the notice by certified mail to:
(1) the owner of record at the time of the:
(A) sale of the property;
(B) acquisition of the lien on the property under IC 6-1.1-24-6; or
(C) sale of the certificate of sale on the property under IC 6-1.1-24; at the last address of the owner for the property, as indicated in the records of the county auditor; and
(2) any person with a substantial property interest of public record at the address for the person included in the public record that indicates the interest.
....
(i) The notice required by this section is considered sufficient if the notice is mailed to the address required under subsection (e).

The evidence shows that at the time of the tax sale, the Darlings were the owners of record of Parcel II.[7] Martin gave the Darlings notice of the tax sale by delivering notice via certified mail on July 7, 2003. Furthermore, on December 10, 2003, the Clerk of the Clay County Circuit Court served the Darlings with a notice of the filing of the petition for tax deed via certified mail. Martin satisfied the due process requirements for notice of tax sale and period of redemption. *See Combs v. Tolle,* 816 N.E.2d 432, 438 (Ind.Ct.App.2004) (finding due process requirement met where purchaser, relying on auditor's official records, sends notice of tax sale by certified mail).

The Darlings assert that the trial court should have held a hearing to allow the Darlings and the Burtons to testify that "had they known about the tax sale ... they would have immediately redeemed the property ... but they were not able to redeem said property because they did not receive the Notice ... and they do not recall having received a copy of the Peti-

tion for Tax Deed and Possession filed on December 10, 2003." (Darlings' Br. 7).

The Darlings' argument that they did not receive notice of either the tax sale or the petition for tax deed is unpersuasive. The notice of tax sale and period of redemption was delivered to the Darlings' address via certified mail, and their daughter signed for it on July 8, 2003. It was not incumbent upon Martin to make sure that once the notice of tax sale was received, the person who signed for it actually gave it to the Darlings. *See Combs,* 816 N.E.2d at 438–39 (finding notice reasonably calculated to inform owner of record of sale and redemption period where wife signed for notice but did not give it to husband). Furthermore, on December 10, 2003, the notice of filing of the petition for tax deed also was delivered to the Darlings' address, via certified mail, and Gary Darling signed for it.[8] Given these facts, the Darlings received adequate notice of the tax sale and petition for tax deed.[9] Because the Darlings have failed to establish excusable neglect or that the tax deed is void, "consideration of the issue of Trial

---

**7.** Since the Burtons did not record a warranty deed for Parcel II until July 21, 2004, well after the tax sale, they were not the owners of record, and therefore, not entitled to notice of the tax sale. *See Sisson v. Wilson,* 700 N.E.2d 494, 495 (Ind.Ct.App.1998) (holding purchaser of property who failed to record warranty deed for property not owner of record, and thus, not entitled under statute to notice in connection with petition seeking issuance of tax deed for property), *trans. denied.*

**8.** The Darlings assert that they received inadequate notice of the filing of the petition for tax deed because they did not receive the petition itself, and Martin "cannot prove that [the Darlings] received the Petition for Tax Deed and Possession but only the Notice of Filing of Petition...." (Reply Br. 8). Indiana Code section 6–1.1–25–4.6(a) provides that "[n]otice of the filing of [the] petition shall be given...." It does not specifically require that a copy of the petition be sent.

**9.** We also find unpersuasive the Darlings' argument that receipt of any notice "should not have any legal significance" because they "are not lawyers and ... did not understand what was going on." (Reply Br. 8). Upon receipt of the notices, the Darlings could have retained legal counsel but did not. Failure to do so is not an excusable mistake. *See G.H. Skala Const. Co. v. NPW, Inc.,* 704 N.E.2d 1044, 1050 (Ind. Ct.App.1998) (stating that error of judgment is not excusable conduct), *trans. denied. See also Rogers v. Lockard,* 767 N.E.2d 982, 987 (Ind.Ct.App.2002) (holding that a person of mature years and judgment may not idly ignore a summons to defend an action); *Mason v. Ault,* 749 N.E.2d 1288, 1292 (Ind.Ct.App.2001) (finding no excusable neglect where defendants did not contact a lawyer or otherwise make any arrangements with respect to their defense upon receipt of complaint and summons), *reh'g denied, trans. denied.*

Rule 60(D) presentation of evidence at a hearing is unnecessary." *See Thompson v. Thompson*, 811 N.E.2d 888, 904 (Ind.Ct. App.2004), *reh'g denied, trans. denied; Public Service Comm'n v. Schaller*, 157 Ind.App. 125, 299 N.E.2d 625, 630 (1973) (holding that a Trial Rule 60(D) hearing futile where "there is no evidence which could be pertinent to the allegations of the motion because such allegations, even if true, would not warrant the relief sought"). Accordingly, we find that the trial court did not abuse its discretion in denying the Darlings' motion without a hearing.[10]

### 2. *Whether the Darlings Redeemed the Property*

The Darlings assert that since they, through the Burtons, paid the taxes due on Parcel II on March 15, 2004, "they were able to redeem the property within 60 days from February 3, 2004 when the Court ordered the auditor to issue the tax deed and before the tax deed was recorded" by Martin on March 17, 2004. (Darlings' Br. 14).

■ Pursuant to Indiana Code section 6-1.1-25-1, a person may redeem real property sold under section 6-1.1-24 at any time before the expiration of the period of redemption. Indiana Code section 6-1.1-25-4 provides that the period of redemption is one year after the date of the sale. In this case, the tax sale occurred on October 8, 2002. Thus, the Darlings had until October 8, 2003 to redeem Parcel II. They did not.

Pursuant to Indiana Code section 6-1.1-25-4.6, after the expiration of the redemption period, but no later than six months after the expiration of the redemption period, the purchaser shall file a petition for tax deed and possession. The redemption period for Parcel II expired on October 8, 2003. Martin filed his petition for tax deed on December 10, 2003. The Darlings did not file an objection to the petition within thirty days. *See* I.C. § 6-1.1-25-4.6(a)(1). Furthermore, the Darlings did not appeal from the Clay County Circuit Court's February 3, 2004 order, directing the issuance of a tax deed for Parcel II to Martin, within sixty days. *See* I.C. § 6-1.1-25-4.6(h) ("A tax deed issued under this section is incontestable except by appeal from the order of the court directing the county auditor to issue the tax deed filed not later than sixty (60) days after the date of the court's order.") Accordingly, we find that the Darlings did not redeem Parcel II.

Judgment affirmed.

MAY, J., and BARNES, J., concur.

---

**10.** The Darlings also assert that the trial court should have held a hearing to determine "[h]ow could [Martin] have paid only $14.26 as total taxes and penalties ... and became the owner of [Parcel II], while the Darlings through the Burtons paid $1173.46 for [Parcel II's] taxes for the year 2002 only and still cannot be deemed to have redeemed and/or repurchased [Parcel II]" (Darlings' Br. 10) and to address the Darlings' allegations that

Martin may not have " 'hands that are totally clean considering that although he had all the right to buy real estate in a tax sale, it is clear that his intention was to make a killing....' " (Darlings' Br. 11). A Trial Rule 60(B)(1) motion is not used to attack the substantive, legal merits of a judgment. Rather, it is used to address the procedural, equitable grounds justifying the relief from the finality of a judgment. *Kmart*, 719 N.E.2d at 1254.