Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jul 15 2013, 6:08 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JANE G. COTTON**
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GARY McCOY, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No.  48A04-1211-DR-590 |
| | ) | |
| SANDRA KAY ROBERTS, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable Carl Van Dorn, Special Judge
Cause No. 48D03-0905-DR-597

**July 15, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

This appeal stems from the divorce of Gary McCoy ("Husband") and Sandra Kay Roberts ("Wife"). During their marriage, the parties built a new home on Husband's property. The divorce decree awarded Husband his old home and gave Wife possession of the new home pending its sale. Also pending the sale, the parties were ordered to share the barn located on Husband's property and to divide equally the mortgage, insurance, and property tax payments on the new home. Husband filed a motion to correct error in which he challenged several of the decree's provisions relating to the real estate. The motion was deemed denied, and Husband filed a notice of appeal, but later dismissed his appeal voluntarily.

Thereafter, Husband filed a motion for relief from judgment pursuant to Indiana Trial Rule 60(B), in which he alleged that the house still had not been sold, that Wife had no incentive to sell, and that Wife was not making diligent efforts to sell. After a hearing, the trial court found that Husband had not established that he was entitled to relief pursuant to Trial Rule 60(B). Husband now appeals, arguing that the trial court abused its discretion by denying his motion. We conclude that Husband's Trial Rule 60(B) motion is procedurally improper because it is substantially similar to his motion to correct error, the denial of which he did not appeal. Alternatively, Husband argues that the trial court abused its discretion by not taking measures to enforce the divorce decree; specifically, he argues that the court should have reduced the list price of the house. Husband has not persuaded us that the trial court abused its discretion by not reducing the list price of the house. Therefore, we affirm.

## Facts and Procedural History

Husband and Wife were married on September 8, 2008. Prior to the marriage, Husband owned a home, barn, and pond located on sixty acres. Wife also owned a home prior to the marriage, which she sold to help finance the building of a new home near the pond on Husband's property. The parties also took out a mortgage on the new home, which included about $60,000 that remained on the mortgage on Husband's old home.

Wife filed a petition for dissolution on May 15, 2009. On June 9, 2009, the trial court entered a provisional decree regarding the parties' real estate. Husband was given possession of his old house, and Wife was given possession of the new house. It was anticipated that the new house would be sold, so Wife was ordered to maintain the home in a presentable condition. The parties were ordered to take turns making the mortgage payments, and the insurance and property tax payments on the new home were to be divided equally. Husband and Wife each own horses, and they were ordered to share the horse barn.

The final dissolution decree was issued on October 19, 2010. At that time, the new house still had not been sold. The dissolution decree provided that the new house was to be sold, along with the surrounding five acres and the pond. Because the proceeds of Wife's old home had been invested in the new home and she had also paid some other expenses on the parties' behalf, the court ordered that she should receive the first $124,871 from the sale of the new home. Any excess was to be divided equally. In the event that there was a shortfall, Husband was ordered to reimburse Wife, but any reimbursement would be capped at $25,000. The court ordered the parties to continue alternating the mortgage payments,

splitting the insurance and property tax costs, and sharing the horse barn pending the sale of the new home.

On November 17, 2010, Husband filed a motion to correct error. Husband argued inter alia that Wife had no incentive to sell because he was subsidizing her living expenses, that he was paying de facto maintenance, and that the court had failed to enter a complete and final distribution. Relief requested included making Wife solely responsible for paying the mortgage, eliminating the provision requiring them to share the barn, setting a deadline for the sale of the house, and dividing the proceeds equally. Husband's motion was deemed denied, and he filed a notice of appeal, but he later dismissed his appeal voluntarily.

On August 15, 2012, Husband filed a motion for relief from judgment pursuant to Trial Rule 60(B)(8). The motion alleged that the house had been on the market for 3.5 years, that potential buyers had shown little interest in the home, and that Wife was not motivated to sell and had not made diligent efforts to sell. Husband further complained that living in close proximity and sharing the barn had led to frequent conflict. Husband requested the following relief:

    a. That the home be listed for auction immediately with a reserve price equal to the balance of the mortgage.

    b. That if there is a shortfall, the $25,000 that [Husband] was to pay [Wife] be considered as satisfied in full, due to the fact that [Husband] has now paid over $50,000 in expenses that have directly benefited [Wife] but have not benefited him.

    c. If the Court declines to order the home sold by auction, then the Court should give [Husband] exclusive use of the home so that he can make diligent efforts to get it sold.

4

d. That the Court should immediately order that [Wife] no longer has use of the barns or land that was [Husband's] prior to the marriage. [Wife] should remove her horses and personal property from the barns immediately.

e. Together with all other just and proper relief.

Appellant's App. at 22-23.

On September 24, 2012, the court held a hearing on Husband's motion. At the outset, Wife argued that Husband's motion for relief from judgment was procedurally improper because he had raised "some of the same issues" in his motion to correct error, and a motion pursuant to Trial Rule 60(B) "should not be a substitute for a Direct Appeal." Tr. at 10-11. Wife also argued that Husband was attempting to improperly modify the dissolution decree. Husband responded that the fact that the house still had not been sold meant that there was "an impossibility situation" or that "somebody's not doing what they're suppose[d] to be doing." *Id.* at 14.

Wife testified that the house was initially listed for close to $600,000. The current realtor, Fran Plummer, listed the house at $499,900 in February 2010. Plummer testified that the house had been shown about twenty-five times, and no offers have been made. She stated that there was a limited market in Madison County for a house of this style and price range. She did not think that an auction would bring buyers for a house in this price range. Plummer felt that Wife kept the house presentable and did not do anything to impede the sale; however, Plummer felt that the list price should be reduced to $449,000, which Wife was unwilling to do. The record reflects that Wife does not want to sell the house for less than $499,900 because that is the minimum price necessary to allow her to fully recover

5

$124,871 from the proceeds.

At the conclusion of the hearing, Husband asked the court to lower the list price. At various points, Husband also suggested that he could buy out Wife's interest in the home, and Wife appeared to be open to the idea, but disagreed as to the amount that Husband should have to pay to buy her out.

On October 22, 2012, the trial court issued an order denying Husband's motion, finding that "the facts do not rise to an exceptional circumstance justifying extraordinary relief." Appellant's App. at 24. Husband now appeals.

**Discussion and Decision**

Husband filed a motion pursuant to Trial Rule 60(B)(8), which allows the trial court to relieve a party from a judgment for "any reason justifying relief." A movant relying on subsection (8) must allege a meritorious claim or defense. Ind. T.R. 60(B). The movant bears the burden of establishing the grounds for relief. *In re Paternity of P.S.S.*, 934 N.E.2d 737, 740 (Ind. 2010). On appeal, we review the trial court's ruling on a Trial Rule 60(B) motion for abuse of discretion. *Id*. at 741. An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it and the inferences which may be drawn therefrom. *Id*.

On appeal, Husband argues that the trial court abused its discretion by denying his Trial Rule 60(B) motion; alternatively, he argues that the court abused its discretion by not taking measures to enforce the dissolution decree's requirement that the new house be sold. Wife has not filed a brief.

> When an appellee has not filed an answer brief, we need not undertake the burden of developing an argument on the appellee's behalf. Rather, we may reverse the trial court if the appellant presents a case of prima facie error. Prima facie error means at first sight, on first appearance, or on the face of it. If an appellant does not meet this burden, we will affirm.

*Henderson v. Henderson*, 919 N.E.2d 1207, 1210 (Ind. Ct. App. 2010).

We conclude that Husband has not shown prima facie error with regard to the denial of his Trial Rule 60(B) motion. The substance of Husband's Trial Rule 60(B) motion was substantially similar to that of his motion to correct error, the denial of which he did not appeal. A Trial Rule 60(B) motion is not a substitute for a direct appeal.[1] *P.S.S.*, 934 N.E.2d at 740.

Husband cites one case in support of his argument that Trial Rule 60(B) is a proper vehicle for the relief that he seeks, he cites "Case v. Case (Ind.Ct.App.2003)." Appellant's Br. at 14. This citation, which lacks the reporter, volume, and page number, is not an adequate citation. *See* Ind. Appellate Rule 22 (stating that "[u]nless otherwise provided, a current edition of a Uniform System of Citation (Bluebook) shall be followed" and that Indiana cases "shall be cited by giving the title of the case followed by the volume and page of the regional and official reporter (where both exist), the court of disposition, and the year of the opinion" and setting forth examples). Parties are responsible for supporting their arguments with citation to authority, Ind. Appellate Rule 46(A)(8)(a), and failure to do so generally results in waiver. *Ill. Bulk Carrier, Inc. v. Jackson*, 908 N.E.2d 248, 262 n.7 (Ind.

---

[1] Husband acknowledges that the substance of his motions was similar. He represents that he dismissed his appeal because he could not afford it and that the instant appeal is being done free of charge. Assuming *arguendo* that this would justify relief pursuant to Trial Rule 60(B), Husband did not make this argument to the trial court, nor is there anything in the record to support his assertions.

7

Ct. App. 2009), *trans. denied*. Providing citations that are lacking in basic information such as volume and page numbers is arguably tantamount to providing no citation at all.

Waiver notwithstanding, the case that Husband appears to be relying on, *Case v. Case*, 794 N.E.2d 514 (Ind. Ct. App. 2003), is distinguishable. In *Case*, the divorce decree ordered the parties to divide a 401(k) account using specific dollar amounts. Shortly after the decree was issued, the account dropped significantly in value, such that the parties could not get the specific amounts that had been awarded. The husband filed a motion requesting the court to divide the account 55.31% to the wife and 44.69% to the husband, which was in proportion to the amounts awarded in the court's original decree. The court granted the motion, and the wife appealed. We treated the husband's motion as a Trial Rule 60(B) motion. *Id.* at 517. We held that, in the absence of specific language in the decree addressing risk of loss, the loss should be divided proportionally; therefore, we affirmed the judgment of the trial court. *Id.* at 519.

In this case, while the house has proven difficult to sell, the facts do not rise to the level of impossibility, as in *Case*. Furthermore, the reasoning in *Case* was premised on the fact that the divorce decree did not address the possibility of a change in value in the account. By contrast, the trial court in this case anticipated that the proceeds from the sale of the house could exceed or fall short of the amount awarded to Wife, and the decree addressed both possibilities. Finally, our supreme court has expressed reluctance to apply the reasoning

8

of *Case* to real estate. *Ryan v. Ryan*, 972 N.E.2d 359, 369-70 (Ind. 2012).[2]

Alternatively, Husband argues that the trial court abused its discretion by not taking measures to enforce the divorce decree. Husband asserts that he was not able to find relevant authority to support his argument, but appears to accept that the court possessed discretion to determine how its decree should be enforced. *See* Appellant's Br. at 15 (arguing that the court "abused its discretion in declining to enforce the provision of the decree of dissolution that states the house is to be sold"). The only relief requested in this section of his brief is that we direct that the house be listed at $449,000.

Husband has not persuaded us that the trial court abused its discretion by declining to order the parties to reduce the list price. While Plummer testified that she would like to list the house at $449,000, she also testified that there had been increased interest in the house in recent months. Husband currently has a house, barn, and fifty-five acres that he owns free and clear, while a significant portion of Wife's assets are tied up in the house and cannot be recovered unless the house sells for a certain price. Wife testified that she was willing to refinance the home in order to help ease the financial burden of maintaining the new house pending the sale. The trial court was well acquainted with the parties' relative financial positions and was able to weigh the equities of reducing the list price or allowing Wife additional time to try to sell the house at $499,900. Finding no abuse of discretion, we affirm the judgment of the trial court.

---

[2] We note that Wife cited *Ryan* during the hearing on Husband's Trial Rule 60(B) motion, and that it can easily be found by KeyCiting *Case* or using a similar citator.

Affirmed.

ROBB, C.J., and FRIEDLANDER, J., concur.