

I N  T H E

# Court of Appeals of Indiana

Robert Holland,

*Appellant-Plaintiff*

v.

Indiana University, et al.,

*Appellee-Defendant*

FILED

Mar 07 2025, 9:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

March 7, 2025

Court of Appeals Case No.
24A-CT-1462

Appeal from the Lake Superior Court

The Honorable Rehana R. Adat-Lopez, Judge

Trial Court Cause No.
45D10-1607-CT-113

---

**Opinion by Judge Weissmann**
Judges Pyle and Felix concur.

**Weissmann, Judge.**

[1] In his latest appeal, prolific pro se litigant Robert Holland challenges the trial court's denial of his fourth motion to set aside the 2019 dismissal of his slip and fall case. Because the record amply supports the denial of his motion, which merely repeated arguments rejected numerous times by both the trial court and this Court, we affirm. However, we reverse the trial court's imposition of a $3,000 sanction against Holland and remand because the sanction amount lacked basis in the record.

## Facts

[2] This case has a long and convoluted procedural history, detailed in our prior opinion, *Holland v. Trustees of Ind. Univ.*, 171 N.E.3d 684 (Ind. Ct. App. 2021), *trans. denied*. The underlying dispute arose from two incidents in which Holland purportedly slipped and fell at the Indiana University Northwest library. In 2016, Holland sued Indiana University and its Board of Trustees (collectively, IU) to recover for injuries he allegedly sustained in the falls.

[3] After years of litigation, marked by Holland's repetitious filings and failure to comply with court orders, the trial court dismissed his case with prejudice in 2019. The court also ordered Holland to pay IU's costs and fees as a sanction for his behavior. On appeal, we affirmed the dismissal and remanded for the imposition of filing restrictions, finding that "Holland may no longer operate as a broken faucet from which the flow of frivolous filings never ebbs." *See id.* at 690. The trial court then imposed filing restrictions that required Holland to

verify under penalty of perjury that any future filing "sets forth a new and meritorious issue" not barred by preclusion doctrines and that "good grounds exist for such filing." Appellant's App. Vol. II, p. 58.

[4] Even still, Holland was not deterred. In April 2024, he filed another motion to set aside the 2019 dismissal of his suit. The trial court denied the motion without a hearing, finding it attempted to "re-litigate issues that have already been decided in this matter" and thereby violated the filing restrictions. Appellant's App. Vol. III, p. 2. The court also ordered Holland to pay a $3,000 sanction to IU, finding the existing restriction insufficient to "curtail [Holland's] repeated abusive tactics." *Id.* at 3.

[5] Holland appeals the trial court's order denying his motion to set aside and its accompanying sanctions.

## Discussion and Decision

[6] Holland seemingly raises three issues on appeal: (1) whether the trial court erred in denying his motion to set aside the 2019 dismissal; (2) whether the filing restrictions unconstitutionally deprived him of access to the courts; and (3) whether the trial court improperly imposed the $3,000 sanction.

[7] We find that Holland's arguments relating to the denial of his motion are precluded by prior litigation, and we are unpersuaded by his constitutional claim. However, we agree that there is insufficient basis in the record for the $3,000 sanction. We reverse and remand on that narrow issue.

## I. Denial of Motion to Set Aside

[8] Ordinarily, we review the denial of a motion to set aside for an abuse of discretion. *Holland*, 171 N.E.3d at 688*.* But when, as here, the trial court rules without conducting an evidentiary hearing, we review de novo. *Id.*

[9] To support his claim that the trial court erred in denying his motion to set aside, Holland merely recycles arguments from his 2019 motion to set aside—that IU's sovereign immunity defense was frivolous, the trial court lacked authority to dismiss his suit, and he was denied due process. This Court already rejected these same claims, finding they were "previously litigated and resolved adversely to [Holland] by either the trial court or the appellate court or both." *Id.* at 689.[1]

[10] Accordingly, consideration of these claims is barred by the doctrine of res judicata, which "prevent[s] repetitious litigation of disputes that are essentially the same." *Brimmer v. Binz*, 149 N.E.3d 1214, 1218 (Ind. Ct. App. 2020). Although Holland insists that his claim of "collateral attack" is novel, it merely reframes the previously litigated issue of the trial court's authority. Because this argument could have been raised in the prior appeals, it is also precluded. *See Marion Cnty. Cir. Ct. v. King*, 150 N.E.3d 666, 672 (Ind. Ct. App. 2020) (holding

---

[1] Holland's arguments are difficult to discern, as his appellate brief is disorganized and often nonsensical. To the extent he raised other arguments on this issue, they are waived for lack of cogency. *See* Ind. Appellate Rule 46(A)(8)(a); *Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003) (refusing to consider assertion lacking cogent argument).

res judicata bars consideration of matters that were or could have been raised in prior litigation).

[11] Because the record showed Holland's motion was wholly repetitive of past litigation and presented no new evidence, the trial court did not err by summarily denying it without hearing. A hearing on a motion to set aside is not required when the movant fails to submit "pertinent" evidence to support that motion. *See Holland*, 171 N.E.3d at 688; *Darling v. Martin*, 827 N.E.2d 1199, 1202 (Ind. Ct. App. 2005).

## II. Imposition of Filing Restrictions

[12] Holland next argues that the trial court's filing restrictions violated Article 1, Section 12 of the Indiana Constitution, which provides for open access to courts. Reviewing his constitutional claim de novo, *see generally Hendricks v. State*, 162 N.E.3d 1123, 1135 (Ind. Ct. App. 2021), we disagree.

[13] "There is no right to engage in abusive litigation." *Zavodnik v. Harper*, 17 N.E.3d 259, 264 (Ind. 2014). Courts "may fashion and impose reasonable conditions and restrictions . . . that are tailored to the litigant's particular abusive practices." *Id.* at 266. Restrictions may include limiting "the litigant's ability to request reconsideration and to file repetitive motions." *Id.* at 268.

[14] Here, the restrictions were carefully tailored to Holland's pattern of repetitive filings and attempts to relitigate settled issues. They did not deny Holland access to the courts but required only that he verify under penalty of perjury that any future filing "sets forth a new and meritorious issue." Appellant's App.

Vol. II, p. 58. Given Holland's history, these restrictions are reasonable and necessary.

## III.  Imposition of Sanctions

[15]  Finally, Holland challenges the trial court's order requiring him to pay a $3,000 sanction to IU. He claims that the record lacks any basis for the amount of the sanction and that it was imposed without prior notice or hearing.

[16]  The trial court found that "further sanctions are required and appropriate in this instance" because the prior court orders were "not sufficient to curtail [Holland's] repeated abusive tactics." Appellant's App. Vol. III, p. 3. The order further explained that Holland's most recent motion to set aside violated the prior court-ordered restriction on repetitive filings. The ultimate imposition of the sanction reads as follows: "The Court SANCTIONS and ORDERS [Holland] to pay [IU] Three-Thousand Dollars and no/100 ($3,000)." *Id.*

[17]  While the record amply demonstrates Holland's pattern of defying court orders, the trial court neither specified its grounds for imposing the sanction nor explained how it arrived at the $3,000 amount. IU did not request a specific amount and submitted no evidence of costs or fees. No civil contempt proceedings occurred, and there was no discussion of attorney's fees.

[18]  Courts have "inherent, implied power to manage their own affairs," including "the authority to fashion an appropriate sanction." *River Ridge Dev. Auth. v. Outfront Media LLC*, 146 N.E.3d 906, 915 (Ind. 2020). But this power is still subject to review for abuse of discretion. *See id.* And without some evidence in

the record supporting the amount or type of the sanction imposed, we cannot effectively review it.

[19] For example, different types of sanctions—contempt findings, attorney's fees awards, etc.—carry distinct procedural requirements. *See, e.g.*, Ind. Code § 34-47-3-5 (requiring person charged with indirect civil contempt to be served with rule to show cause); Ind. Code § 34-52-1-1 (permitting award of attorney's fees upon court's finding of any one of three statutory bases); *River Ridge*, 146 N.E.3d at 919 (requiring court find bad-faith and "calculatedly oppressive, obdurate, or obstreperous" conduct before awarding attorney's fees under its inherent power to sanction). While we have previously upheld a trial court's determination of attorney's fees without record evidence as to the amount, *see, e.g.*, *Gibson-Lewis Corp. v. N. Ind. Pub. Serv. Co.*, 524 N.E.2d 1316, 1319 (Ind. Ct. App. 1988), the record here is silent as to whether the sanction was meant to compensate for legal services, punish Holland's conduct, or serve some other purpose.

[20] Accordingly, we reverse the trial court's imposition of the $3,000 sanction and remand so the trial court may further consider and explain the sanction's basis and amount.[2]

---

[2] Because we remand, we do not address Holland's claim that sanctions were erroneously imposed without notice or a hearing.

## Conclusion

Because Holland has continued his attempts to relitigate settled issues, we affirm both the denial of his motion to set aside and the imposition of the filing restrictions ordered to curb his abusive litigation behavior. However, we reverse the $3,000 sanction and remand for further consideration of its basis and amount.

Pyle, J., and Felix, J., concur.

APPELLANT PRO SE

Robert Holland
Hammond, Indiana

ATTORNEY FOR APPELLEE

David J. Beach
Eichhorn & Eichhorn, LLP
Hammond, Indiana