**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JAMES C. SPENCER**
Dattilo Law Office
Madison, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFREY O. GILSTRAP, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 39A01-1303-SC-103 |
| | ) | |
| MICHAEL D. MOUNT, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JEFFERSON SUPERIOR COURT
The Honorable Alison T. Frazier, Judge
Cause No. 39D01-1109-SC-353

**December 19, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Jeffrey O. Gilstrap appeals the denial of his motion for relief from judgment. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On September 15, 2011, Michael Mount sued Gilstrap in small claims court, alleging Gilstrap had possession of Mount's vehicle and was to be refurbishing it, but had not completed the work, for which Mount had already paid $5000.00. Mount sought judgment of $5,000.00 and return of the vehicle. The small claims court held a hearing on October 21, 2011, at which Gilstrap appeared *pro se*. On October 27, the small claims court ordered Gilstrap to return Mount's vehicle and to pay Mount $5,000.00 plus court costs of $77.00.

On April 4, 2012, Gilstrap filed a verified motion for relief from judgment, alleging mistake, surprise, and excusable neglect under Ind. Trial Rule 60. Gilstrap claimed he did not know, at the time of the hearing, that he had a valid defense to Mount's claim against him, nor did he know he had to bring witnesses to support his defense. After a hearing, the small claims court denied Gilstrap's motion.

**DISCUSSION AND DECISION**

As a preliminary matter, we note Mount did not file an appellee's brief. When an appellee does not submit a brief, we do not undertake the burden of developing arguments for that party. *Thurman v. Thurman*, 777 N.E.2d 41, 42 (Ind. Ct. App. 2002). Instead, we apply a less stringent standard of review and may reverse if the appellant establishes *prima facie* error. *Id*. *Prima facie* error is "error at first sight, on first appearance, or on the face of it." *Van Wieren v. Van Wieren*, 858 N.E.2d 216, 221 (Ind. Ct. App. 2006).

A party may be relieved from a judgment based on "mistake, surprise, or excusable neglect." T.R. 60(B)(1). The decision whether to grant a T.R. 60(B) motion is left to the equitable discretion of the trial court and is reviewable only for abuse of discretion. *Shotwell v. Cliff Hagan Ribeye Franchise*, 572 N.E.2d 487, 489 (Ind. 1991). An abuse of discretion will be found only when the trial court's action is clearly erroneous, that is, against the logic and effect of the facts before it and the inferences that may be drawn therefrom. *In re Paternity of P.S.S.,* 934 N.E.2d 737, 741 (Ind. 2010). We will not reweigh the evidence in conducting this review. *Shotwell*, 572 N.E.2d at 489.

The burden is on the movant to show relief under T.R. 60(B) is both necessary and just. *Fairrow v. Fairrow*, 559 N.E.2d 597, 599 (Ind. 1990). Such motions are not a substitute for a direct appeal. *P.S.S.*, 934 N.E.2d at 740. Rather, they address only the procedural, equitable grounds justifying relief from the legal finality of a final judgment, not the legal merits of the judgment. *Id.* To obtain relief from a judgment under T.R. 60(B)(1), the movant must allege a meritorious claim or defense. T.R. 60(B).

Indiana Small Claims Court Rule 2(B) requires a notice of claim contain:

(1) The name, street address, and telephone number of the court;
(2) The name, address, and telephone number of the claimant and defendant(s);
(3) The place, date, and time when the parties are to appear on the claim, which date shall be set by the court with the objective of dispensing speedy justice between the parties according to the rules of substantive law;
(4) A brief statement of the nature and amount of the claim; and
      (a) if the claim arises out of written contract, a copy shall be attached; however, the fact that a copy of such contract is not in the custody of the plaintiff shall not bar the filing of the claim; and
      (b) if the claim is on an account, an Affidavit of Debt, in a form substantially similar to Small Claims Appendix A shall be attached;
(5) A statement that the parties may appear either in person or by an attorney;

3

(6) An instruction to the defendant that the defendant should bring to the trial all documents in the possession of or under the control of the defendant concerning the claim;

(7) A statement that if the defendant does not wish to dispute the claim he may nonetheless appear for the purpose of allowing the court to establish the method by which the judgment shall be paid;

(8) The name, street address and telephone number of the person designated by the court with whom the defendant may communicate if defendant is unable to appear at the time or place designated in the notice;

(9) A statement that a default judgment may be entered against the defendant if he fails to appear on the date specified in the notice of the claim;

(10) Notice of the defendant's right to a jury trial and that such right is waived unless a jury trial is requested within ten (10) days after receipt of the notice of claim; that once a jury trial request has been granted, it may not be withdrawn without the consent of the other party or parties; and within ten (10) days after the jury trial request has been granted, the party requesting a jury trial shall pay the clerk the additional amount required by statute to transfer the claim to the plenary docket or, in the Marion Small Claims Court, the filing fee necessary to file a case in the appropriate court of the county; otherwise, the party requesting a jury trial shall be deemed to have waived the request; and

(11) Any additional information which may facilitate proper service.

After Mount filed his claim in small claims court on September 15, 2011, Gilstrap received notice thereof, which stated:

IMPORTANT INFORMATION CONCERNING THIS CLAIM

1. The plaintiff and defendant may represent themselves individually or be represented by a lawyer. The plaintiff and the defendant must bring to the trial all documents in their possession or control concerning this claim.

2. The defendant must provide the Court and Plaintiff with a written statement of any counterclaim arising out of the Plaintiffs claim at least (7) calendar days before trial.

3. Any request for a change of the trial date by either party should be directed to the Jefferson Superior Court at: Phone No. 265-8915.

4. By filing this claim in Jefferson Superior Court, small claims, the plaintiff no longer has a right to a trial by jury. The defendant has ten (10) days from receipt of this notice to file an affidavit requesting a jury trial and pay a transfer fee for transferring the case to the plenary docket or he/she too loses the right to a jury trial.

5. If the defendant does not wish to dispute the plaintiffs claim, he/she may appear at the time of trial for the purpose of providing information to the Court

4

as to his/her responsibility.

6. If a settlement of this claim is made out of court, the parties must submit the settlement in writing to the Judge of this Court for his approval before the settlement can become a judgment against the defendant.

7. If you fail to appear at the time and date set for trial, a Default Judgment may be entered against you.

(App. at 5.) Gilstrap concedes that notice comports with the requirements of Small Claims Rule 2(B), but nevertheless argues the small claims court abused its discretion because "he had no notice that he should bring witnesses to the hearing, he did not bring witnesses even though he had them, and those witnesses may have been sufficient to successfully defend the lawsuit and to successfully pursue a counter-claim." (Br. of Appellant at 11.)

Gilstrap proceeded before the Small Claims Court *pro se*. It is well-settled that *pro se* litigants are held to the same standard as are licensed attorneys. *Goossens v. Goosens*, 829 N.E.2d 36, 43 (Ind. Ct. App. 2005). Even though Gilstrap proceeded *pro se*, he was obliged to know and follow the small claims rules. Thus, the small claims court did not abuse its discretion in denying his motion. *See, e.g.*, *Rickels v. Herr*, 638 N.E.2d 1280, 1283 (Ind. Ct. App. 1994) (trial court was not expected to tell *pro se* litigant what to do in response to a motion for summary judgment). Accordingly, we affirm.

Affirmed.

BAILEY, J., and BRADFORD, J., concur.