PRO SE APPELLANT
Barrington A. Smith
Durham, NC 27722



FILED
Oct 05 2010, 12:45 pm
CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 02S03-1010-JV-518

IN RE: THE MATTER OF PATERNITY OF
PETITIONER, P.S.S. BY NEXT FRIEND

BARRINGTON A. SMITH,

*Appellant (Petitioner below),*

v.

LISA M. SMITH AND GARY J. DRAKE,

*Appellees (Respondents below).*

Appeal from the Allen Superior Court, Juvenile Division, No. 02D07-0811-JP-000941
The Honorable Stephen M. Sims, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 02A03-0904-JV-136

**October 5, 2010**

**Rucker, Justice.**

Father appealed the trial court's denial of his motion for relief from judgment. Because Father failed to demonstrate the trial court abused its discretion in so doing, we affirm the judgment of the trial court.

**Facts and Procedural History**

Barrington Smith ("Father") and Lisa Smith ("Mother") were married in 1985. Four children were born during the marriage: B.A.S., born in 1986; S.M.S., born in 1989; P.S.S., born in 1992; and C.W.S., born in 1996. In 2000 Father petitioned for dissolution in the Allen Circuit Court. Mother and Father reached a mediated settlement agreement in June 2001 regarding custody and support in which they asserted that C.W.S. "is the biological child of a third person, not a party to this case. A paternity case is pending in the Allen Superior Court concerning said child." App. at 34. The parties agreed to share joint custody of the three remaining children. Id. This mediated settlement agreement was incorporated into a larger "marital settlement agreement" filed with the trial court in August 2001. App. at 27. In an August 23, 2001 trial court order concerning "additional submissions" the following handwritten notation appears: "Before the presumption, that the husband is the father of the child, [P.S.S.] can be rebutted, there must be a GAL for said child. The Court now appoints Roger Hultquist as GAL for the child, [P.S.S.]. Dissolution will be deferred pending resolution of the issue of paternity." App. at 39.[1] In November 2001 the trial court approved the marital settlement agreement and entered a decree of dissolution.

Seven years later in November 2008 referring to himself as the "Legal Father," Father acting as "next friend" of P.S.S., who was sixteen years of age at the time, filed in the Allen Juvenile Court a *pro se* petition to establish paternity. Mother and Gary J. Drake – the alleged "Putative Father" – were named as respondents. Among other things the petition asserted,

---

[1] Although no evidence in the record before us clarifies this point, the reference to P.S.S. appears to have been a scrivener's error. The question of Father's paternity was in doubt as to C.W.S. not P.S.S. Indeed in a subsequent modification proceeding Father appealed the trial court's grant of sole legal and physical custody to Mother of "all three children" specifically referring to "B.[A.].S., S.[M.]S., and P.[S.]S." There was no mention of C.W.S. See Smith v. Smith, No. 02A03-0608-CV-371, slip op. at 1, 2, 862 N.E.2d 331 (Table) (Ind. Ct. App. Feb. 28, 2007), trans. not sought. Thus on this record it does not appear that the issue of P.S.S.'s paternity was "vigorously contested" in the dissolution court. See Russell v. Russell, 682 N.E.2d 513, 518 (Ind. 1997).

"Legal Father has reason to believe that Putative Father is the biological father of [P.S.S.]. . . . Legal Father should be reimbursed for birth expenses and for child support that he has paid for [P.S.S.] since these payments were made based on the fraud that Mother and Putative Father engaged in. . . . [T]he parties should be ordered to undergo DNA/genetic testing in order to conclusively establish paternity." App. at 8. Neither Mother nor Drake answered the petition. On December 11, 2008 the juvenile court dismissed the petition on grounds that the Allen Circuit Court − the dissolution court − had exclusive jurisdiction over this case and that the issue of paternity had been raised and resolved in the dissolution proceedings.

Father filed a Trial Rule 60(B)(2) motion for relief from judgment on January 29, 2009.[2] The juvenile court denied the motion and reiterated its earlier conclusion that the dissolution court had continuing, exclusive jurisdiction. The court added the following:

> The Court finds that this Court does not have the authority to ignore any judgment of the Allen Circuit Court establishing that Mr. Smith is rebuttably, and perhaps conclusively, the legal father of [P.S.S.].

> The Court finds that this Court does not have jurisdiction to modify the judgment of the Allen Circuit Court by allowing Mr. Smith's collateral attack in this inappropriate venue to dis-establish paternity of the minor child, [P.S.S.].

App. at 20.

Father appealed *pro se*. Analyzing his motion for relief from judgment under the catch-all provision of Indiana Trial Rule 60(B)(8), the Court of Appeals unanimously held that the juvenile court erred in concluding it lacked jurisdiction to entertain the motion. However, in a divided opinion the Court of Appeals affirmed the judgment of the juvenile court concluding that P.S.S. was collaterally stopped from seeking a paternity determination. Specifically the Court of Appeals majority concluded, "P.S.S. − and her next friend, Barrington − had a full and fair

---

[2] More specifically Father's motion is denominated as a "Motion To Correct Error Pursuant To Indiana Trial Rule 60(B)(2)." App. at 12. The trial court ruled on the motion as seeking relief pursuant to Rule 60(B)(2). In part the trial court's order provided, "The Court finds that Mr. Smith does not allege a meritorious defense required pursuant to Trial Rule 60(B)(8) to sustain a Trial Rule 60(B)(2) Motion with regard to the Court's finding that it lacked jurisdiction in this matter . . . . The Court [d]enies Mr. Smith's Motion for Relief from Judgment or Order [p]ursuant to Trial Rule 60(B)(2) . . . . " App. at 20.

opportunity to take part in the resolution of [the paternity] issue during mediation and that it would be unfair to give her – and Barrington – a second bite at the apple." In Re Paternity of P.S.S., 913 N.E.2d 765, 769 (Ind. Ct. App. 2009). We now grant transfer thereby vacating the Court of Appeals opinion. See Ind. Appellate Rule 58(A). And although we also affirm the trial court's judgment, we do so on grounds slightly different from those of our colleagues.

## Discussion

In this *pro se* appeal, Father frames his argument as trial court error in determining it did not have jurisdiction to adjudicate his paternity action. For example Father cites authority for the proposition that "the juvenile court has exclusive original jurisdiction in proceedings concerning paternity of a child under Indiana Code 31-14." Appellant's Br. at 6 (quoting Ind. Code § 31-30-1-1(3)). Despite this argument's merits, it is not properly before us. The trial court's December 11, 2008 order of dismissal was an appealable final order. See Montgomery, Zukerman, Davis, Inc. v. Chubb Group of Ins. Cos., 698 N.E.2d 1251, 1253 (Ind. Ct. App. 1998) ("A final appealable order or judgment is one which disposes of all the issues as to all of the parties and puts an end to the particular case."), trans. denied. As such the propriety of the order had to be challenged by way of a timely notice of appeal or a timely motion to correct error. See Ind. App. R. 9A(1) ("A party initiates an appeal by filing a Notice of Appeal with the trial court clerk within thirty (30) days after the entry of a Final Judgment."); Ind. Trial Rule 59(C) ("The motion to correct error, if any, shall be filed not later than thirty (30) days after the entry of a final judgment or an appealable final order."). Father was thus required to file either a notice of appeal or motion to correct error by January 12, 2009[3]. Although partially denominated as a "Motion To Correct Error," see supra n.2, Father's motion filed January 29, 2009 was not timely. And Father never filed a notice of appeal concerning the trial court's December 11, 2008 order. If a Notice of Appeal is not timely filed, then "the right to appeal shall be forfeited except [for reasons not applicable here]." Ind. App. R. 9A(5).

The January 29 motion before the trial court was in substance a motion for relief from judgment. In fact Father was partially correct in styling his pleading as a "Motion To Correct

---

[3] January 10, 2009, thirty (30) days after the trial court's entry of the order, fell on a Saturday. Thus Father was required to file his pleading no later than the next business day. See T.R. 6(A).

Error Pursuant To Indiana Trial Rule 60(B)(2)." App. at 12. But a motion for relief from judgment under Indiana Trial Rule 60(B) is not a substitute for a direct appeal. Gertz v. Estes, 922 N.E.2d 135, 138 (Ind. Ct. App. 2010), trans. denied. "Trial Rule 60(B) motions address only the procedural, equitable grounds justifying relief from the legal finality of a final judgment, not the legal merits of the judgment." Mid-West Fed. Sav. Bank v. Epperson, 579 N.E.2d 124, 129 (Ind. Ct. App. 1991).

> Trial Rule 60(B) provides in relevant part:
>
>> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment . . . for the following reasons:
>>
>> . . . .
>>
>> (2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59
>>
>> . . . .
>>
>> A movant filing a motion for reason[ ] . . . (2) . . . must allege a meritorious claim or defense.

The burden is on the movant to establish ground for Trial Rule 60(B) relief. McIntyre v. Baker, 703 N.E.2d 172, 174 (Ind. Ct. App. 1998). A motion made under subdivision (B) of Trial Rule 60 is addressed to the "equitable discretion" of the trial court; the grant or denial of the Trial Rule 60(B) motion "will be disturbed only when that discretion has been abused." Fairfield v. Fairfield, 538 N.E.2d 948, 949-50 (Ind. 1989). An "[a]buse of discretion will be found only when the trial court's action is clearly erroneous, that is, against the logic and effect of the facts before it and the inferences which may be drawn therefrom." Id. at 950.

In this case Father advances no argument explaining how the trial court may have abused its discretion in denying his 60(B)(2) motion for relief. For example Father does not contend that evidence newly discovered after the date of the trial court's order of dismissal entitles Father to relief; nor does Father suggest any extraordinary set of circumstances occurring since the entry of the trial court's order of dismissal that warrant the grant of Father's 60(B)(2) motion. Instead

5

the substance of Father's claim is a challenge to the merits of the trial court's order of dismissal. We decline to entertain this attempted but untimely appeal of the trial court's order.

## Conclusion

The Judgment of the trial court is affirmed.[4]

Shepard, C.J., and Dickson, Sullivan and Boehm, JJ., concur.

---

[4] We note in passing that on December 24, 2010 P.S.S. – on whose behalf this litigation was nominally brought – will have reached the age of eighteen. Nothing in this opinion precludes P.S.S. from filing her own petition to establish paternity. See Ind. Code § 31-14-5-2; see also Russell, 682 N.E.2d at 518 (declaring that in instances where the issue of paternity has not been "vigorously contested" in a divorce proceeding, although the divorcing husband and wife may be precluded from later challenging the divorce court's paternity determination, "a child or a putative father is not precluded by the dissolution court's finding from filing a separate action in juvenile court to establish paternity at a later time").