**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 29 2014, 10:02 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**IVAN C. PATTERSON**
Hammond, Indiana

ATTORNEY FOR APPELLEE:

**BRITTANY L. GRIGGS**
Graydon Head & Ritchey LLP
Cincinnati, Ohio

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IVAN C. PATTERSON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1212-MF-548 |
| | ) | |
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable John M. Sedia, Judge
Cause No. 45D01-0912-MF-440

**January 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Ivan C. Patterson, *pro se,* appeals the trial court's denial of his motion for relief from judgment under Ind. Trial Rule 60(B). Patterson raises one issue, which we revise and restate as whether the court abused its discretion in denying his motion for relief from judgment. We affirm.

FACTS AND PROCEDURAL HISTORY

In January 1999, Patterson obtained a loan from Trustcorp Mortgage Company in the amount of $62,550 and executed a Note requiring him to make monthly payments, and a Mortgage granting a security interest in his real estate in Lake County in favor of Trustcorp Mortgage Company. The Mortgage was recorded in the Office of the Recorder of Lake County in February 1999. Pursuant to an Assignment of Mortgage dated May 15, 2001, Trustcorp Mortgage Company assigned and transferred the Mortgage and all interest secured thereby to ABN AMRO Mortgage Group, Inc. ("ABN AMRO"). CitiMortgage, Inc. ("CitiMortgage") is the successor by merger to ABN AMRO and the holder of the Note and Mortgage.

On December 7, 2009, Citimortgage filed a Complaint on Note and to Foreclose Mortgage alleging that it was a person entitled to enforce the Note and the Mortgage, that the monthly installments due under the Note and Mortgage were paid up to January 1, 2009, that Patterson defaulted on the loan, and that the outstanding principal balance as of January 1, 2009 was $44,837.44. The Note, Mortgage, and Assignment of Mortgage were attached to the complaint.

On January 29, 2010, Patterson filed a "Notice of Pro Se Appearance" and an answer which stated in part that CitiMortgage was not the real party in interest and did

2

not have standing to foreclose on the debt.[1] Appellee's Appendix at 46. In February 2010, CitiMortgage filed a Reply to Counterclaim of Patterson stating that its Mortgage is a first and prior lien.

On August 16, 2011, CitiMortgage filed a motion for summary judgment on all of its claims against Patterson together with a memorandum and designated evidence in support of the motion. In its memorandum, CitiMortgage argued that summary judgment in the mortgage foreclosure cause should be granted because there were no genuine issues of material fact that Patterson executed the Note and Mortgage, that Patterson was in default of the terms of the Note, that the provisions of the Note and Mortgage contain an acceleration provision, and that CitiMortgage is a person entitled to enforce the Note and Mortgage. In her affidavit, Dara Dugger, the Document Control Officer of CitiMortgage, stated that CitiMortgage is the holder of the Note and Mortgage, that Patterson defaulted on the loan, and that CitiMortgage accelerated all sums due and owing under the Note.

On February 3, 2012, Patterson filed a motion to dismiss and a request for discovery. On February 6, 2012, the court held a hearing on CitiMortgage's summary judgment motion and ultimately scheduled a future hearing on CitiMortgage's motion for summary judgment and Patterson's motion to dismiss. CitiMortgage filed a response to

---

[1] Patterson's answer included a number of other claims under eleven separate headings/counts, including among others that the attempt to enforce the Mortgage separately from the Note was unenforceable, that securitization removed the status of the Note holder, that the alleged defaulted payments had been paid, and that the Note and Mortgage are unenforceable requiring the court to declare a constructive or mortgage trust.

Patterson's motion to dismiss on February 23, 2012, and a response to his discovery requests on March 2, 2012.

On April 16, 2012, the court held a hearing on CitiMortgage's summary judgment motion and Patterson's motion to dismiss, at which the court heard arguments from the parties and noted that it would treat Patterson's motion to dismiss as a response to CitiMortgage's summary judgment motion. The court orally granted CitiMortgage's motion for summary judgment and denied Patterson's motion to dismiss.

On May 9, 2012, the court issued an Entry of Summary Judgment and Decree of Foreclosure. On June 14, 2012, Patterson filed a document titled Answer to Complaint and Motion to Dismiss alleging that CitiMortgage had written off his debt as a loss and thus there was no injury or debt. On July 2, 2012, CitiMortgage moved to strike Patterson's June 14, 2012 filing and argued in part that Patterson's filing constituted an untimely motion to correct error. On July 17, 2012, the court entered an order denying Patterson's June 14, 2012 motion, and a July 14, 2012 CCS entry provides "ORDER OF SALE ISSUED." Id. at 15. On August 22, 2012, CitiMortgage moved for summary judgment on Patterson's counterclaim, and the court granted the motion on September 24, 2012.

Also on September 24, 2012, Patterson filed a Motion for Relief from Judgment, a Motion for Stay of Sale Pending Disposition of T.R. 60(B) Motion, a Motion to Compel Discovery, and a Motion for Leave to File an Amended Answer and Affirmative Defenses. In his Motion for Relief from Judgment, Patterson requested the court to vacate the grant of summary judgment and judgment of foreclosure entered on May 14,

4

2012. Patterson argued that CitiMortgage lacked standing to invoke the court's jurisdiction and that it cannot produce a valid assignment of mortgage. Patterson's motion also included the following:

> Below are the subparts of T.R. 60(B) invoked hereby:
>
> > T.R. 60(B)(1) – Excusable Neglect; Patterson is *pro se*.
> >
> > T.R. 60(B)(3) – Fraud; [CitiMortgage's] misrepresentation of standing is fraud upon Court.
> >
> > T.R. 60(B)(6) – Void; [CitiMortgage's] lack of standing cannot invoke jurisdiction.
> >
> > T.R. 60(B)(8) – Consent Judgment against [CitiMortgage] to Quiet Title and Injunctive Relief.

Id. at 120. On October 12, 2012, CitiMortgage filed a response in opposition to Patterson's motions. On November 16, 2012, the court held a hearing after which it orally denied each of Patterson's September 24, 2012 motions, and on November 27, 2012, the court entered orders denying those motions. On December 26, 2012, Patterson moved for reconsideration of the denial of his motions, and on January 2, 2013, the court denied his motion. On December 27, 2012, Patterson filed a notice of appeal.[2]

---

[2] The Notice of Appeal indicates that the date of the order being appealed was November 27, 2012, and that the title of the order being appealed was "Order dening [sic]." Appellee's Appendix at 245. In a brief statement of the facts, Patterson states that CitiMortgage "lied and committed subornation [sic] by perjury," that CitiMortgage is not a real party in interest and lacks standing to invoke the jurisdiction of the court, that the foreclosure complaint is a human rights violation under the United Nations Participation Act, that Indiana was admitted into the union of states with the provision it would conform with the Northwest Ordinance which requires Indiana to conform to the federal laws/treaty, and that the foreclosure violates the Fifth and Fourteenth Amendments as well as a failure to place the Charter of the United Nations treaty as supreme law of the land pursuant to the Supremacy Clause of the United States Constitution. Id. at 246.

DISCUSSION

The issue is whether the court abused its discretion in denying Patterson's motion for relief from judgment. Before discussing the issue, we note that, although Patterson is proceeding *pro se*, such litigants are held to the same standard as trained counsel and are required to follow procedural rules. Evans v. State, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), trans. denied.

We first observe that, to the extent Patterson attempts to raise arguments in his brief which relate in substance to the trial court's May 9, 2012 Entry of Summary Judgment and Decree of Foreclosure, his appeal as to that order is untimely. See Ind. Appellate Rules 9. The issue or matter of whether CitiMortgage was the holder of the Note and Mortgage were resolved by the court in entering summary judgment in favor of CitiMortgage and entering a judgment of foreclosure. Further, in his appellant's brief, Patterson fails to present cogent argument with respect to the trial court's November 27, 2012 orders denying his motions for relief from judgment, to compel discovery, for leave to file an amended answer and affirmative defenses, and to stay sale pending disposition of the Trial Rule 60(B) motion. Accordingly, his claims on appeal are waived.[3] See

---

[3] In support of his assertion that the court erred in denying his Trial Rule 60(B) motion for relief from judgment, Patterson states that "CitiMortgage has not met the burden with a *prima facie* showing in failing to timely produce an assignment of Note and Mortgage to substantiate its alleged claim as holder and alleged successor mortgagee . . . ." Appellant's Brief at 14. Patterson also states that "[a]lthough it SEEMS to be apparent that the conduct of the plaintiff's attorney was in technical compliance with the Trial Rules, we found it unacceptable under the Rules of Professional Conduct." Id. He states that the law should promote lawyers' care in making statements that are accurate and trustworthy, that "therefore the circumstances presented here illustrates [sic] the fact that the trial court should have granted Patterson's motion for relief from the default judgment," and that he "has clearly established grounds which justify setting aside the default judgment pursuant to Trial Rule 60(B)(3)." Id. at 14-15.

We also note that, although Patterson refers to default judgment in his brief, the trial court did not enter default judgment against him but rather summary judgment.

6

Loomis v. Ameritech Corp., 764 N.E.2d 658, 668 (Ind. Ct. App. 2002) (holding argument waived for failure to provide cogent argument), reh'g denied, trans. denied; see also Ballaban v. Bloomington Jewish Cmty., Inc., 982 N.E.2d 329, 335 (Ind. Ct. App. 2013). We also note that, at the time Patterson filed his motions regarding discovery and to file an amended answer and affirmative defenses, the judgment of foreclosure had been entered and the court had issued an order of sale. If Patterson desired to amend his answer or pursue further discovery, he was required to do so pursuant to the trial court's rules of procedure and prior to the judgment of foreclosure, namely, between December 2009 when the foreclosure action was instituted and May 2012 when the judgment was issued.

Waiver notwithstanding, we find that the trial court did not abuse its discretion in denying Patterson's motion for relief from judgment. A grant of equitable relief under Ind. Trial Rule 60 is within the discretion of the trial court. Wagler v. West Boggs Sewer Dist., Inc., 980 N.E.2d 363, 371 (Ind. Ct. App. 2012), reh'g denied, trans. denied. We review a trial court's ruling on Rule 60 motions for abuse of discretion. Id. An abuse of discretion occurs when the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. Id. When reviewing the trial court's determination, we will not reweigh the evidence. Id. Ind. Trial Rule 60(B) affords relief in extraordinary circumstances which are not the result of any fault or negligence on the part of the movant. Id. at 371-372. On a motion for relief from judgment, the burden is on the movant to demonstrate that relief is both necessary and just. Id. at 372. A trial court must balance the alleged injustice suffered by the moving

7

party against the interests of the party who prevailed and society's interest in the finality of judgment.  Id.

> Ind. Trial Rule 60(B) provides in part:
>
> Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> > (1)  mistake, surprise, or excusable neglect;
> >
> > * * * * *
> >
> > (3)  fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> >
> > * * * * *
> >
> > (6)  the judgment is void;
> >
> > * * * * *
> >
> > (8)  any reason justifying relief from the operation of the judgment, other than those reasons set forth in subparagraphs (1), (2), (3), and (4).
>
> The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4).  A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense.  A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. . . .

With respect to the requirement that the movant establish a meritorious claim or defense, we observe that a meritorious defense for the purposes of Rule 60(B) is "one that would lead to a different result if the case were tried on the merits."  Wagler, 980 N.E.2d at 372 (citation omitted).  Also, the trial court's residual powers under subsection (8) may only

8

be invoked upon a showing of exceptional circumstances justifying extraordinary relief. Id. Among other things, exceptional circumstances do not include mistake, surprise, or excusable neglect. Id. Moreover, a motion for relief from judgment under Rule 60(B) is not a substitute for a direct appeal. In re Paternity of P.S.S., 934 N.E.2d 737, 740 (Ind. 2010). Rule 60(B) motions address only the procedural, equitable grounds justifying relief from the legal finality of a final judgment, not the legal merits of the judgment. Id.

In the statement of facts in his appellant's brief, Patterson includes the same language recited in his motion for relief from judgment. In the argument section of his brief, he cites only subsection (3) of Rule 60(B), which he states "is determinative." Appellant's Brief at 14.

To the extent Patterson's claims on appeal relate to the issue of whether CitiMortgage was the holder of the Note and Mortgage, this issue was raised below and addressed by the trial court's May 9, 2012 Entry of Summary Judgment and Decree of Foreclosure. Patterson did not appeal the court's ruling and may not raise the issue again by way of a motion under Trial Rule 60(B). A motion for relief from judgment under Trial Rule 60(B) is not a substitute for a direct appeal. In re Paternity of P.S.S., 934 N.E.2d at 740.

With respect to his claim under subsection (1) of Trial Rule 60(B), he does not cite authority for the proposition that the fact that he proceeded *pro se* constitutes excusable neglect to justify granting relief from the decree of foreclosure. To the contrary, *pro se* litigants are held to the same standard as trained counsel and are required to follow procedural rules. Evans, 809 N.E.2d at 344.

With respect to his claims under subsections (3) and (6) of Trial Rule 60(B), Patterson does not explain how CitiMortgage's assertion that it held the Note and Mortgage constituted fraud upon the court or point to any authority or designated evidence showing the judgment was void because CitiMortgage was not the holder. CitiMortgage designated evidence that the Mortgage was assigned to ABN AMRO and that CitiMortgage is the successor by merger to ABN AMRO and as a result the holder of the Note and Mortgage, and additionally, the Note attached to the complaint includes a stamp showing that it was endorsed to CitiMortgage. Patterson did not designate evidence demonstrating an issue of fact as to whether CitiMortgage was the holder of the Note and Mortgage or, specifically, that CitiMortgage did not merge with or acquire ABN AMRO. In fact, the materials submitted to the trial court by Patterson as attachments to his September 24, 2012 motion for leave to file an amended answer and affirmative defenses indicate that Citigroup acquired ABN AMRO in January 2007 and that CitiMortgage was one of Citigroup's operational subsidiaries. Patterson has not shown that CitiMortgage's representations were false or constituted fraud or that the court's decree of foreclosure is void.

Finally, the trial court's residual powers under subsection (8) of Trial Rule 60(B) may be invoked only upon a showing of exceptional circumstances justifying extraordinary relief. Patterson attached portions of a consent judgment entered in a federal case to his motion for relief from judgment. He does not develop argument or point to the specific provisions of the consent judgment which show that CitiMortgage's ability to foreclose his Mortgage in this case was limited in some fashion.

10

We cannot say that Patterson presented facts or arguments demonstrating excusable neglect, fraud, that the trial court's judgment was void, or that exceptional circumstances exist justifying relief. In addition, Patterson failed to allege a meritorious defense. A meritorious defense is one showing that, if the case was retried on the merits, a different result would probably be reached. <u>Baxter v. State</u>, 734 N.E.2d 642, 646 (Ind. Ct. App. 2000).

Based upon the record, we cannot say that the trial court abused its discretion in denying Patterson's motion for relief from judgment under Trial Rule 60(B).

For the foregoing reasons, we affirm the judgment of the trial court.

ROBB, J., and BARNES, J., concur.