Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Sep 15 2014, 6:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RICHARD A. JONES**
Indianapolis, Indiana

ATTORNEY FOR APPELLEES:

**CAROL A. DILLON**
Bleeke Dillon Crandall
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHELLEY MURPHY, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1311-CT-915 |
| | ) | |
| INDIANA WOMEN'S PRISON and | ) | |
| CORRECTIONAL MEDICAL SERVICES, INC., | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Cynthia J. Ayers, Judge
Cause No. 49D04-0905-CT-23167

**September 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Shelley Murphy appeals the trial court's denial of her motion to set aside summary judgment in favor of Indiana Women's Prison ("the Prison") and Correctional Medical Services, Inc. ("CMS") on Murphy's complaint alleging medical malpractice. Murphy presents a single dispositive issue for our review, namely, whether the trial court abused its discretion when it denied her motion to set aside the summary judgment.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On May 15, 2009, Murphy filed a complaint for damages[1] against the Prison and CMS alleging that CMS committed medical malpractice which resulted in the premature delivery of Murphy's baby in 2008.[2] More than two years later, on September 27, 2011, CMS filed a motion for summary judgment, and on October 11, the Prison moved to join CMS' summary judgment motion. On October 21, Murphy filed a motion for enlargement of time to respond to the summary judgment motion. The trial court granted that motion and ordered Murphy to respond by December 30, 2011. On December 21, Murphy filed a second motion for enlargement of time to respond to the summary judgment motion. The trial court granted that motion over CMS's objection and ordered Murphy to respond after discovery had been completed or by May 1, 2012, whichever

---

[1] This action is exempt from the Indiana Medical Malpractice Act because CMS is not a qualified health care provider under Indiana Code Chapter 34-18-3.

[2] We admonish Murphy for failing to include in her appendix on appeal a meaningful table of contents. Instead of identifying by name each item included in the appendix, Murphy merely identified parts of the appendix as "Part of Clerk's Record" and listed dates and page numbers. The lack of a useful table of contents is not consistent with the spirit of Indiana Appellate Rule 50(A)(2) and severely hindered our review on appeal.

came first. And the trial court scheduled a hearing on the summary judgment motion for May 23, 2012.

Murphy did not submit a response to CMS's summary judgment motion or request an enlargement of time by the May 1 deadline. Regardless, on May 4, CMS filed a reply in support of its summary judgment motion. And on May 15, the trial court vacated the summary judgment hearing and entered summary judgment in favor of CMS and the Prison.

On July 20, Murphy filed a motion for relief from entry of summary judgment and a motion to identify expert witness after expiration of the specified period.[3] In the motion for relief from judgment, Murphy's counsel alleged in relevant part that

> 7.      Due to a mental stress condition suffered on April 29, 2012[,] by counsel for the Plaintiff caused by a combination of an acute mental shock experienced on April 29, 2012[,] as a result of the potentially fatal brain injury suffered by counsel for Plaintiff's ten year old son, Sean, and recent family stressors in the form of fatal illness of counsel's father, David Jones, counsel for Plaintiff failed to file the necessary third extension of time to respond to motion for summary judgment on April 30, 2012[,] as counsel planned, or May 1, 2012, and had done twice prior and had informed opposing counsel that extensions would be filed until discovery is completed with the taking of all necessary depositions after interrogatories have been completed.

> 8.      Also, as a result of counsel for Plaintiff's mental stress and mental shock condition, the traumatic injury to counsel for Plaintiff's son, Sean, and the fact that counsel for the Plaintiff was in Birmingham, A[L,] dealing with the death of his father, counsel for the Plaintiff could not file a reply nor a belated third extension of time to respond to summary judgment before this court granted Defendant's reply in support of the motion for summary judgment.

---

[3] It is well-settled that a trial court may not alter the time limits in Trial Rule 56 if a nonmovant fails to file a response or request an extension within the prescribed time. See, e.g., DeLage Landen Fin. Servs., Inc. v. Comm. Mental Health Ctr., Inc., 965 N.E.2d 693, 699 (Ind. Ct. App. 2012).

3

9. On June 25, 2012, Plaintiff filed a belated third extension of time to respond to motions for summary judgment.

10. Plaintiff and her counsel are still pursuing discovery to prove the Plaintiff's complex case. Plaintiff has issued multiple sets of Request for Production and intend to issue others after Defendant has responded to all Plaintiff's Interrogatories.

11. On December 16, 2011, Plaintiff issued a Third Set of Interrogatories to Defendants.

12. In Defendant [CMS]'s response to Plaintiff's Third Set of Interrogatories, the Defendant made a general objection as to the number of Interrogatories in Plaintiff's Third Set of Interrogatories. The Defendant made the argument that the Third Set greatly exceeds the allowed amount under Marion County Local Rules 213. Therefore, Defendant only answered the first 25 of Plaintiff's Interrogatories, including subparts, which is through Interrogatory No. 10, subpart a, and objected to the rest.

\* \* \*

16. Since counsel for the Plaintiff had at least two additional sets of interrogatories before Plaintiff's counsel could begin scheduling depositions on Defendant's employees and medical experts, it was impossible for counsel for the Plaintiff to file a response to Defendant's motion for summary judgment. Counsel planned to file his first enlargement of time to name expert witnesses on Monday, April 30, 2012. The deadline to respond to the Motion for Summary Judgment and to name expert witnesses was May 1, 2012.

\* \* \*

30. At the end of March and the beginning of April counsel for the Plaintiff had been working a lot of hours. Also, counsel for the Plaintiff in the beginning of April had to travel to Birmingham, A[L.] to see his father who had been dealing with some serious health issues. While in Birmingham, A[L.] visiting his father in the beginning of April, counsel for the Plaintiff contracted a virus and could not get out of bed for several days upon returning to home. Counsel for the Plaintiff got very little sleep the entire month of April and was extremely fatigued from the virus, work load, driving to Birmingham, A[L.] to deal with issues concerning his father's health, and high dosage of over the counter medication for flu[-]like symptoms and bad allergic reactions to the foliage in Alabama.

33.     Counsel for the Plaintiff returned to town on May 20, 2012[,] and counsel returned to the office on May 21, 2012.  Because the order was granted less than twenty (20) days after the filing of the Defendant's May 4 pleading, counsel for the Plaintiff was not given due process to respond to the Defendant's May 4 pleading requesting the court to grant the Defendant's Motion for Summary Judgment because the opposing party failed to offer opposing affidavits or evidence.

34.     Due to counsel for Plaintiff's posttraumatic mental stress condition precipitated by the acute traumatic accident on April 29, 2012[,] combined with fatigue, counsel completely lost any memory of the May 1, 2012[,] filing deadline and lost the capacity to focus on work[-]related responsibilities temporarily.

Appellant's App. at 34-43.  Murphy then moved the trial court to set aside the summary judgment because of her counsel's alleged excusable neglect, mistake or surprise under Trial Rule 60(B)(1).

CMS filed a response to Murphy's motion to set aside summary judgment.  CMS asserted in relevant part that, as of May 1, 2012, CMS had "responded to all of Plaintiff's discovery requests in a timely manner and the Co-Defendant's discovery responses had nothing to do with [CMS]'s Motion for Summary Judgment, which was based on expert medical [testimony] about the standard of care and causation."  Appellee CMS's App. at 20.  CMS further stated, "This case has now been pending for over 3 years and Plaintiff is still saying she needs more discovery to prove her case.  This is simply unreasonable."  Id.  Finally, CMS averred as follows:

Plaintiff claims that she should get relief from judgment under Trial Rule 60(B)(1) because she needs yet more time to retain an expert and more time for the Co-Defendant, Indiana Department of Correction, to complete discovery, and more time to take depositions.  Plaintiff's counsel also claims that his family issues caused him to ignore his responsibilities in this case, which is "excusable neglect."  However, the Court should consider

that <u>this case has been pending for over three years</u> and Plaintiff never undertook what she claims was the necessary discovery, depositions, or expert retention to prove her case. The purpose of summary judgment is to cut off a case that does not need to go to a jury. That is precisely what [CMS] did in its September 27, 2011[,] Motion for Summary Judgment. In response to that Motion, Plaintiff needed to provide expert medical testimony from a doctor to show that there was an issue of fact regarding whether the standard of care was breached and whether that breach was the proximate cause of Plaintiff's premature delivery. Plaintiff wants to excuse three years of inaction in prosecuting her case by showing the court that Plaintiff's counsel's son was injured two days before her response to the Motion for Summary Judgment was due; a Motion that Plaintiff had 8 months to respond to. While Plaintiff's counsel's personal issues were no doubt problematic for him, they did not prevent Plaintiff's counsel from doing what he needed to do to properly respond to [CMS]'s Motion for Summary Judgment.

<u>Id.</u> at 22-23 (emphasis original).

Following a hearing on Murphy's motion to set aside summary judgment, the trial court denied that motion. Murphy filed a motion to correct error, which the trial court also denied following a hearing. This appeal ensued.

**DISCUSSION AND DECISION**

Murphy contends that the trial court abused its discretion when it denied her Trial Rule 60(B)(1) motion for relief from judgment.[4] Trial Rule 60(B)(1) provides that on motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for reasons including mistake, surprise, or excusable neglect. We set out the applicable standard of review in <u>Deutsche Bank National Trust Company v. Harris</u>, 985 N.E.2d 804, 813 (Ind. Ct. App. 2013):

---

[4] Murphy also contends that the trial court erred when it entered summary judgment in favor of CMS and the Prison, but she did not file a timely appeal from that judgment.

6

> The burden is on the movant to establish grounds for Trial Rule 60(B) relief. In re Paternity of P.S.S., 934 N.E.2d 737, 740 (Ind. 2010). A motion made under Rule 60(B) is addressed to the equitable discretion of the trial court; the grant or denial of the Rule 60(B) motion will be disturbed only when that discretion has been abused. Id. at 740-741 (citation and quotation marks omitted). An abuse of discretion will be found only when the trial court's action is clearly erroneous, that is, against the logic and effect of the facts before it and the inferences which may be drawn therefrom. Id. at 741 (citation and quotation marks omitted). A motion for relief from judgment under Rule 60(B) is not a substitute for a direct appeal. Id. at 740. Rule 60(B) motions address only the procedural, equitable grounds justifying relief from the legal finality of a final judgment, not the legal merits of the judgment. Id.

Here, Murphy points out, correctly, that "there is no general rule as to what constitutes excusable neglect under Trial Rule 60(B)(1)" and "[e]ach case must be determined on its particular facts." Appellant's Br. at 21 (citing Kmart Corp. v. Englebright, 719 N.E.2d 1249, 1254 (Ind. Ct. App. 1999), trans. denied). Murphy also points out that, in Kmart, we observed that the sickness of a party or the illness of a family member has been held to constitute excusable neglect. See id. And Murphy maintains that the death of her counsel's father and the acute illness of her counsel's son prevented her counsel from timely responding to the summary judgment motion or requesting a third enlargement of time to respond and constitute excusable neglect. We cannot agree.

Under some circumstances, death and serious illness within an attorney's family might well be grounds for relief from judgment based on excusable neglect, but not when considering the procedural history of this case. As CMS contends, as of April 29, 2012, two days before the May 1 deadline to file a response, Murphy's counsel had not

obtained an expert witness[5] or otherwise prepared to file a response to the summary judgment motion. Murphy's counsel's only plan was to request a third enlargement of time to respond to the summary judgment motion, but, of course, there was no guarantee that that request would have been granted. Indeed, the trial court granted the second enlargement of time over CMS's objection. We agree with CMS that there is no excuse for Murphy's counsel's failure to have been prepared to respond to the summary judgment motion by May 1, 2012, which was approximately seven months after CMS filed its summary judgment motion and three years after Murphy filed her complaint. The trial court did not abuse its discretion when it denied Murphy's motion to set aside the summary judgment.[6]

Murphy also contends that the trial court erred when it denied her the opportunity to present evidence at the hearing on her motion to set aside the summary judgment. Trial Rule 60(D) provides in relevant part that, in passing on a Trial Rule 60(B) motion, the trial court "shall hear any pertinent evidence[.]" But in her brief on appeal, Murphy does not explain what evidence she would have presented at that hearing or how that evidence was pertinent to her Trial Rule 60(B) motion.[7] Accordingly, Murphy has

---

[5] As CMS points out, as a general rule, "[t]o determine whether the physician's conduct fell below the legally prescribed standard of care, the plaintiff must present expert testimony to establish what a reasonably prudent physician would or would not have done in treating the plaintiff." Bhatia v. Kollipara, 916 N.E.2d 242, 245-46 (Ind. Ct. App. 2009). Failure to provide expert testimony will usually subject the plaintiff's claim to summary disposition. Id. at 246. We note that Murphy makes no contention that she was not required to present expert testimony in opposition to CMS's summary judgment motion.

[6] Accordingly, we do not reach Murphy's contention that the trial court erred when it granted summary judgment in favor of CMS and the Prison.

[7] In her brief on appeal, Murphy directs us to her proffered witness and exhibit list in the appendix, but she does not provide cogent argument to explain how the testimony of the listed witnesses

8

waived that issue for our review. Waiver notwithstanding, to the extent Murphy contends she was denied an opportunity to present evidence pertinent to the meritorious claim element of her Trial Rule 60(B) motion, any error was harmless. The trial court denied Murphy's motion to set aside the summary judgment solely based on her failure to show excusable neglect, mistake, or surprise and did not reach the meritorious claim element, and we affirm the trial court.

Affirmed.

BAILEY, J., and PYLE, J., concur.

---

or the exhibits would have been pertinent to her Trial Rule 60(B) motion. Murphy states only that the trial court excluded "relevant and pertinent evidence on the material issues." Appellant's Br. at 23.