## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 16 2016, 6:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Cody B. Coombs
Greenfield, Indiana

ATTORNEYS FOR APPELLEE

Neal Bailen
Stites & Harbison PLLC
Jeffersonville, Indiana

Zachary M. VanVactor
Stites & Harbison PLLC
Louisville, Kentucky

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joseph B. Mattingly,<br>*Appellant-Defendant,*<br><br>v.<br><br>Nationstar Mortgage, LLC,<br>*Appellee-Plaintiff.* | February 16, 2016<br><br>Court of Appeals Case No.<br>30A01-1505-MF-402<br><br>Appeal from the Hancock Circuit Court<br><br>The Honorable Richard D. Culver, Judge<br><br>The Honorable R. Scott Sirk, Commissioner<br><br>Trial Court Cause No.<br>30C01-1209-MF-2009 |

**Altice, Judge.**

## Case Summary

[1] Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LP, (BAC) obtained an in rem entry of summary judgment and decree of foreclosure (the Judgment) against Joseph B. Mattingly and all other defendants. Thereafter, BAC assigned its rights in the Judgment to Nationstar Mortgage, LLC (Nationstar). Well over a year after entry of the Judgment, Mattingly filed the instant motion for relief from judgment based on Trial Rule 60(B)(3). The trial court denied the motion, and Mattingly now appeals relying on both T.R. 60(B)(3) and 60(B)(1).

[2] We affirm.

## Facts & Procedural History

[3] On September 19, 2012, BAC filed the underlying foreclosure complaint seeking enforcement of a 2007 promissory note executed by Donald Tansy, now deceased, and the contemporaneously executed mortgage on the subject property. In addition to Tansy's unknown heirs at law and his wife, the complaint made the occupant(s) of the property parties to the action "to answer as to any interest he/she may have in the Real Estate". *Appellee's Appendix* at 3.

[4] On October 10, 2012, Mattingly appeared by counsel and filed a motion for a thirty-day extension of time to file an answer to the complaint, which was granted by the trial court. Thereafter, on October 18, 2012, BAC filed an

amended complaint and expressly listed Mattingly as a party.[1] The amended complaint and summons were properly served on Mattingly through his counsel of record. Mattingly, however, never filed an answer to the original complaint or the amended complaint.

[5] On March 28, 2013, BAC filed a motion for summary judgment, along with designated evidence. Shortly thereafter, the trial court issued a notice of hearing, notifying all parties that a hearing on the motion for summary judgment would be held on May 20, 2013. Despite being served through his counsel of record with the summary judgment motion, designated evidence, and notice of hearing, Mattingly failed to respond to the motion or request additional time. He also failed to appear at the summary judgment hearing.

[6] After the scheduled summary judgment hearing, the trial court entered the Judgment on May 29, 2013, granting BAC's motion for summary judgment. The trial court issued a copy of the Judgment to Mattingly through his counsel of record. BAC subsequently assigned the Judgment to Nationstar and filed the assignment of judgment with the trial court on January 7, 2014.

---

[1] Paragraph 16 of the complaint provided:

> Joseph B. Mattingly is made a party to this action to answer as to any interest he/she may have in the Real Estate, including, but not limited to, a certain Quit Claim Deed from Lillian G. Tansy and Cyndi L. Williamson to Joseph B. Mattingly, dated July 6, 2012 and recorded July 18, 2012 as Document Number 120007640. Said Defendant is required to assert its interest herein or be barred forever.

*Appellant's Appendix* at 12.

On March 13, 2015—more than twenty-one months after the Judgment was entered—Mattingly filed a motion for relief from judgment, with a new attorney appearing on his behalf. In the motion, Mattingly alleged that he had entered into a conditional land sale contract with Tansy for the purchase of the real estate in question and that a memorandum of contract was recorded with the Hancock County Recorder on March 14, 2006, a copy of which he appended to his motion. Accordingly, Mattingly asserted that his interest in the property was superior in time and right to the later note executed between Tansy and BAC on February 28, 2007. Expressly basing his motion on T.R. 60(B)(3), Mattingly argued that "by only asserting [in the amended complaint] that Mattingly had an interest via a Quitclaim Deed in the Real Estate, [BAC] misrepresented to the Court Mattingly's interest in the Real Estate." *Appellant's Appendix* at 66.

The trial court held a hearing on Mattingly's motion for relief from judgment on April 16, 2015. Mattingly appeared at the hearing with counsel but presented no evidence. The hearing included only brief arguments from counsel for both parties.[2] In sum, Mattingly argued that regardless of whether he had notice of the complaint and should have answered it, BAC had the duty to inform the trial court of Mattingly's prior recorded equitable interest in the

---

[2] Mattingly's counsel referenced other proceedings that are not in the record and of which Nationstar's counsel was unaware. *See Transcript* at 9 ("none of the other cases that were mentioned just now are referenced in the Motion for Relief from Judgment, so uh, those cases are frankly news to me"). Mattingly cites to his counsel's statements from the hearing throughout his appellate brief as if they constitute facts. They do not.

real estate. Following the hearing, the trial court denied the motion for relief from judgment.

**Discussion & Decision**

[9] Mattingly argues that the trial court abused its discretion when it denied his motion for relief from judgment. On appeal, he asserts two grounds for his motion—excusable neglect and misrepresentation/misconduct by BAC, based on T.R. 60(B)(1) and (B)(3) respectively.

[10] A motion for relief from judgment is not a substitute for a direct appeal; rather, T.R. 60(b) motions address only the procedural, equitable grounds justifying relief from the legal finality of a final judgment, not the legal merits of the judgment. *In re Paternity of P.S.S.*, 934 N.E.2d 737, 740 (Ind. 2010). The burden is on the movant to establish grounds for T.R. 60(B) relief. *Id.* Because such a motion is addressed to the equitable discretion of the trial court, the grant or denial of a T.R. 60(B) motion will be disturbed only when that discretion has been abused. *Id.* at 740-41. We will find an abuse of discretion only when the trial court's determination is against the logic and effect of the facts before it and the inferences which may be drawn therefrom. *Id.* at 741.

[11] We turn first to Mattingly's claim of excusable neglect based on T.R. 60(B)(1), which he asserts for the first time on appeal. He has waived this argument by failing to raise it below to the trial court. *See JK Harris & Co., LLC v. Sandlin*, 942 N.E.2d 875, 882 (Ind. Ct. App. 2011), *trans. denied*. Moreover, Mattingly presented no evidence to support a claim of excusable neglect, which is a fact-

sensitive inquiry, and he ignores well-established case law holding that the negligence of an attorney is generally attributable to the client for T.R. 60(B) purposes. *See, e.g.*, *Thompson v. Thompson*, 811 N.E.2d 888, 903-04 (Ind. Ct. App. 2004), *trans. denied*.

[12] Further, Mattingly offered no explanation to the trial court for taking more than twenty-one months to challenge the Judgment with a T.R. 60(B) motion. The rule expressly provides that a motion for relief from judgment based on T.R.60(B)(1), (2), (3), and (4) "shall be filed…not more than one year after the judgment…was entered". Because Mattingly's motion was filed well outside this one-year limit, the provisions of T.R.60(B)(1) and (3), upon which he relies, were unavailable to him. *See Alves v. Old Nat'l Bank*, 929 N.E.2d 892, 896-97 (Ind. Ct. App. 2010); *Indiana Ins. Co. v. Ins. Co. of N. Am.*, 734 N.E.2d 276, 279 (Ind. Ct. App. 2000), *trans. denied*. Accordingly, the trial court properly denied his untimely motion.

[13] Judgment affirmed.

[14] Robb, J., and Barnes, J., concur.