## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 25 2016, 6:33 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Segun Rasaki | Mary Jane Lapointe |
| Greencastle, Indiana | Daniel LaPointe Kent |
| | Lapointe Law Firm, P.C. |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Segun M. Rasaki, | February 25, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 49A05-1506-CT-774 |
| v. | Appeal from the Marion Superior Court |
| Tammy Lynn, | The Honorable Cynthia J. Ayers, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 49D04-1212-CT-46584 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Segun M. Rasaki (Rasaki), appeals the trial court's denial of his motion for relief from the summary judgment granted to Appellee-Plaintiff, Tammy Lynn (Lynn).

We affirm.

## ISSUES

Rasaki raises two issues on appeal, which we restate as: Whether the trial court properly denied his motion for relief from judgment.

## FACTS AND PROCEDURAL HISTORY

On December 5, 2012, Lynn filed a Complaint that Rasaki, a licensed physician practicing in Indiana, had committed medical malpractice, assault and battery, and had intentionally or recklessly inflicted severe emotional distress. Lynn asserted that while she sought treatment from Rasaki for ankle pain, Rasaki touched her in a sexually inappropriate manner.

Rasaki filed his Answer to the Complaint on April 5, 2013, *pro se*, and again on April 10, 2013, while represented by counsel. A pretrial conference was held on October 28, 2013, and trial was originally scheduled for March 25, 2014. Lynn moved to compel discovery, and following a hearing, sanctions were awarded against Rasaki for noncompliance. On April 16, 2014, Lynn filed her motion for summary judgment, together with a memorandum and designation of evidence. Rasaki did not file a response.

[6] On August 11, 2014, the trial court conducted a hearing on Lynn's motion for summary judgment. As Rasaki "failed to respond to [Lynn's] motion," the trial court entered summary judgment for Lynn. (Appellant's App. p. 12). On September 19, 2014, Rasaki, *pro se*, filed a motion to set aside/vacate the summary judgment. On April 15, 2015, the trial court conducted a hearing on the motion, at which Rasaki was represented by trial counsel and which Rasaki attended via telephone. On June 15, 2015, the trial court denied Rasaki's motion and the case was set for a hearing on damages.

[7] Rasaki now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[8] While difficult to discern, it appears that the issue raised by Rasaki focuses on the trial court's decision to deny his motion for relief from judgment. However, Rasaki is proceeding *pro se*, and we note that such litigants are held to the same standards as trained counsel and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied.*

[9] Our review of Rasaki's Notice of Appeal reflects that the "Order being Appealed" is the trial court's "Order Denying Defendant's Motion to Set Aside/Vacate Judgment" of June 15, 2015. In so far as Rasaki now attempts to raise arguments in his brief which relate in substance to the trial court's entry of summary judgment, his appeal as to that order is untimely. *See* Ind. Appellate Rule 9. Moreover, in his appellant's brief, Rasaki fails to present a cogent argument with respect to the trial court's order denying his motion for relief.

Accordingly, his claims on appeal are waived. *See Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 668 (Ind. Ct. App. 2002) (holding argument waived for failure to provide cogent argument), *reh'g denied, trans. denied*.

[10] Waiver notwithstanding, we find that the trial court did not abuse its discretion in denying Rasaki's motion for relief from judgment. The trial court's decision to deny a party relief from judgment under Indiana Trial Rule 60(B) "is within its sound, equitable discretion," and is not subject to reversal unless there has been an abuse of discretion. *Stronger v. Sorrell*, 776 N.E.2d 353, 358 (Ind. 2002). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts, or if the trial court misinterpreted the law. *Jo. W. v. Je. W.,* 952 N.E.2d 783, 785 (Ind. Ct. App. 2011). When reviewing the trial court's determination, we will not reweigh the evidence. *Wagler v. West Boggs Sewer Dist., Inc.*, 980 N.E.2d 363, 371 (Ind. Ct. App. 2012), *reh'g denied, trans. denied, cert. denied,* 134 S.Ct. 952 (2014). Indiana Trial rule 60(B) affords relief in extraordinary circumstances which are not the result of any fault or negligence on the part of the movant. *Id*. at 371-72. On a motion for relief from judgment, the burden is on the movant to demonstrate that the relief is both necessary and just. *Id*. at 372. A trial court must balance the alleged injustice suffered by the moving party against the interests of the party who prevailed and society's interest in the finality of the judgment. *Id*.

[11] Indiana Trial Rule 60(B) provides in part:

> Mistake—Excusable neglect—Newly discovered evidence—
> Fraud, etc. On motion and upon such terms as are just the court

may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:

(1) Mistake, surprise, or excusable neglect;

* * *

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in subparagraphs (1), (2), (3) and (4)

* * *

A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense.

With respect to the requirement that the movant establish a meritorious claim or defense, we observe that a meritorious defense for purposes of Indiana Trial Rule 60(B) is "one that would lead to a different result if the case were tried on the merits." *Wagler*, 980 N.E.2d at 372. Also, the trial court's residual powers under subsection (8) may only be invoked upon a showing of exceptional circumstances justifying extraordinary relief. *Id.* Moreover, a motion for relief from judgment under T.R. 60(B) is not a substitute for a direct appeal. *In re Paternity of P.S.S.*, 934 N.E.2d 737, 740 (Ind. 2010). Indiana Trial Rule 60(B) motions only address the procedural, equitable grounds justifying relief from the legal finality of a final judgment, not the legal merits of the judgment. *Id.*

[12] The only recognizable claim made by Rasaki with respect to his T.R. 60(B) motion is the argument of excusable neglect in that there was a breakdown in communication between himself and his trial counsel. Under this rule, excusable neglect includes a breakdown in communication that results in a party's failure to appear. *Smith v. Johnston*, 711 N.E.2d 1259, 1262 (Ind. 1999). Appellant's record contains the trial court's notification, dated June 2, 2014, sent to Rasaki's address on record, as well as to his trial counsel, that a hearing on Lynn's motion for summary judgment was set for August 11, 2014. During the hearing to set aside the judgment, Lynn's counsel affirmed that he served Rasaki's trial counsel with his motion for summary judgment. However, from the chronological case summary, it appeared that trial counsel never filed an Answer to the motion for summary judgment and did not show up for the hearing. Trial counsel never requested to be recused from the case, nor did the trial court discharge him from the cause. During the hearing on the motion for relief, trial counsel failed to articulate any reason as to why he did not respond to the motion for summary judgment or for his failure to attend the hearing thereon.

[13] Furthermore, even if we somehow were to construe an excusable breakdown of communications, Rasaki failed to persuade us that based on the evidence before us, he has a meritorious defense and a different result would be reached upon a retrial of this cause. Accordingly, based on the record, we cannot say that the trial court abused its discretion in denying Rasaki's motion for relief from judgment under T.R. 60(B).

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion by denying Rasaki's motion for relief from judgment.

Affirmed.

Najam, J. and May, J. concur