# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 06 2018, 9:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Christopher P. Phillips | Steven Knecht |
| Phillips Law Office P.C. | Vonderheide & Knecht, P.C. |
| Monticello, Indiana | Lafayette, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Janet Freels, | February 6, 2018 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 91A04-1708-SC-1990 |
| v. | Appeal from the White Superior Court |
| James F. Koches and Sunset Builders, Inc., | The Honorable Robert B. Mrzlack, Judge |
| *Appellee-Defendant.* | Trial Court Cause No. 91D01-1602-SC-82 |

**Najam, Judge.**

# Statement of the Case

Janet Freels appeals the small claims court's denial of her Indiana Trial Rule 60(B)(2) motion for relief from judgment.[1] Freels raises a single issue for our review, which we restate as whether the court abused its discretion when it denied her motion for relief from judgment. As Freels filed her motion outside the one-year timeframe required by Trial Rule 60(B), we affirm the court's denial of her motion.

# Facts and Procedural History

In February of 2016, Freels filed a small-claims action against James F. Koches and Sunset Builders, Inc. (collectively, "Sunset").[2] On May 9, the court entered its order for Sunset and against Freels. More than one year later, on May 22, 2017, Freels filed her Trial Rule 60(B)(2) motion for relief from the May 9, 2016, judgment. Freels further requested that the small claims court transfer her case to the court's plenary docket and consolidate it with a separate civil action she had recently filed on that docket against Sunset. The small claims court denied Freels' Trial Rule 60(B)(2) motion, and this appeal ensued.

---

[1] Freels' brief and construction of the record on appeal conflate her appeal from the small claims court's denial of her motion for relief from judgment in 91D01-1602-SC-82 with her appeal from the White Superior Court's final judgment in 91D01-1703-PL-11. But Freels has not requested that this Court consolidate those two proceedings and judgments into one appeal. As such, we have separately addressed each appeal and have partitioned our review of the record and the briefs accordingly.

[2] Freels has not included the chronological case summary in the record on appeal, contrary to Indiana Appellate Rule 50(A)(2)(a). Nonetheless, the dates relevant to this appeal are not disputed.

# Discussion and Decision

Freels appeals the small claims court's denial of her motion for relief from judgment. According to the Indiana Supreme Court:

> The burden is on the movant to establish ground for Trial Rule 60(B) relief. A motion made under subdivision (B) of Trial Rule 60 is addressed to the "equitable discretion" of the trial court; the grant or denial of the Trial Rule 60(B) motion "will be disturbed only when that discretion has been abused." An "[a]buse of discretion will be found only when the trial court's action is clearly erroneous, that is, against the logic and effect of the facts before it and the inferences which may be drawn therefrom."

*Smith v. Smith (In re P.S.S.)*, 934 N.E.2d 737, 740-41 (Ind. 2010) (citations omitted; alteration original to *Smith*). Trial Rule 60(B)(2) provides that a party may move to be relieved from a prior judgment on the basis of newly discovered evidence that by due diligence could not have been discovered in time for a motion to correct error under Trial Rule 59. However, Trial Rule 60(B) further declares that such a motion "shall be filed . . . not more than one year after the judgment . . . was entered . . . ."

Freels filed her May 22, 2017, motion for relief from judgment under Trial Rule 60(B)(2) more than one year after the small claims court entered its May 9, 2016, judgment against her. Accordingly, Freels' motion for relief from judgment under Trial Rule 60(B)(2) was untimely. Indeed, Freels provides no argument, let alone argument supported by cogent reasoning, to the contrary on appeal. *See* Ind. Appellate Rule 46(A)(8)(a). As such, the small claims court

did not err when it denied Freels' untimely motion for relief from judgment under Trial Rule 60(B)(2), and we affirm the court's denial of that motion.

Affirmed.

Mathias, J., and Barnes, J., concur.